Trial by jury was waived by the parties. *Page 357 
The action is to recover the sum of $102,942.30, assessed against the defendant company for its proportion of the cost of paving the Main Street of said city on which the tracks of defendant, a street railway, are laid. Defendant having refused to make the improvement as required by a city ordinance, the work was done by the city and assessed against the company as the statute provides. There is no claim but that the proceedings were formally correct, but defendant resists recovery on the ground that the company is protected by a clause in the license or permit under which its tracks were laid, and which amounts to a contract on the part of the city that the costs of such an improvement shall not be imposed upon the company. Second, that the width of the improvement is in excess of the amount allowed by the statute.
There was judgment for plaintiff, and the defendant excepted and appealed.
The charter of the Durham Traction Company, under which defendant holds and is operating the street railway (Private Laws 1901, ch. 25, sec. 2), contains the provision, "That said company may construct and operate railway lines upon and along the streets of said city, permission being first had from the board of aldermen," etc. And the ordinance of the city by which the permit or license was given, after conferring the privilege and designating the routes over which the tracks may be laid, etc., is in part as follows:
"As soon as the said tracks are completed and the poles, wires, and appliances are erected and placed, the portions of the streets and avenues that may have been used for these purposes shall be repaired and restored at said company's cost and expense to their former condition so far as they may have been damaged by the placing and erecting of the tracks, poles, wires, and appliances. The said Durham Traction Company, in laying its track upon the route herein described, on, over, and along the streets and avenues, shall follow the grade to be designated by the street commissioner, and it shall be his duty, upon the application of said Durham (336) Traction Company, to furnish it with grades. The said Durham Traction Company, whenever it shall be required so to do, shall cause its roadbed and track to be brought to surface grade at its own expense and costs, but nothing herein contained shall be construed to require said Durham Traction Company to *Page 358 
pave its roadbed, but it shall be required to restore its roadbed to the conditions in which it was at the time of laying of said track: Provided,however, that if the city decides to put in or change its sewerage pipes on any of the streets of the said city on which the tracks of said Durham Traction Company may be laid, the said city may require the said traction company to remove and replace, at its own expense, the said tracks, for said purpose, and said city shall incur no liability for any delays or interruptions of the business or traffic of said traction company caused thereby."
And in the act of the Legislature, more directly pertinent, which authorized the imposition of these assessments for local improvements, and in the portion appertaining to street railways, etc., C.S. 2708, it is provided: "That when any such company shall occupy such street or streets under a franchise or contract which otherwise provides such franchise or contract shall not be affected by this section except in so far as may be consistent with the provisions of such franchise or contract." And it is earnestly contended for the appellant that this clause in the ordinance referred to, fully recognized in the legislative proviso, amounts to a contract stipulation protecting the defendant company at all times from any charge for paving the streets, and that the burden here imposed upon it is without warrant of law, but, in our opinion, and on the facts presented, the position may not be sustained.
It is fully established that the Legislature, either directly or through its recognized governmental agencies, may impose assessments for these local improvements. Raleigh v. Power Co., 180 N.C. 234; Felmet v. Canton,177 N.C. 52; Justice v. Asheville, 161 N.C. 62; Tarboro v. Staton,156 N.C. 504-509; Kinston v. Wooten, 150 N.C. 295; Asheville v. TrustCo., 143 N.C. 360; Raleigh v. Peace, 110 N.C. 32; Milwaukee,etc., R. R. v. State of Wisconsin, etc., 252 U.S. 100; French v.Barber Co., 181 U.S. 324.
And it is very generally held that the property and franchise of street railways laid along a given street or in a designated locality within the effects and benefits of the proposed improvement may be lawfully brought within the principle as abutting owners. New Bern v. R. R., 159 N.C. 542;Comrs. v. R. R., 133 N.C. 216; Cicero R. R. v. City of Chicago,176 Ill. 501.
The power to impose these assessments for local improvements (337) is properly referred to the sovereign power of taxation, and it is the accepted principle of interpretation that no license, permit, or franchise from a municipal board or from the Legislature itself will be construed as establishing an exemption from the proper exercise of this power, or in derogation of it, unless *Page 359 
these bodies are acting clearly within their authority and the grant itself is in terms so explicit as to be free from any substantial doubt.R. R. v. Alsbrook, 110 N.C. 137, affirmed on writ of error in146 U.S. 279; Cleveland Electric R. R. v. City of Cleveland, 204 U.S. 116;Lincoln Street Railway v. City of Lincoln, 61 Neb. 109; SiouxCity Street Railway v. Sioux City, 78 Iowa, affirmed on writ of error, 138 U.S. 98; Railway Co. v. Philadelphia, 101 U.S. 528.
In Alsbrook's case it was held: "The power of taxation being essential to the life of Government, exemptions therefrom are regarded as in derogation of sovereign authority and common right, and will never be presumed.
"2. The grant of an exemption from taxation must be expressly by words too plain to be mistaken. If a doubt arise as to the intent of the Legislature, the doubt must be resolved in favor of the State."
And in Cleveland v. Electric Railway Co., 204 U.S.: Grants of franchises are usually prepared by those interested in them and submitted to the Legislature with a view to obtain the most liberal grant obtainable, and for this and other reasons such grants should be in plain language, certain, definite in their nature, and containing no ambiguity in their terms, and should be strictly construed against the grantee.
Under a proper application of these decisions, and the principles they approve and illustrate, there is nothing in the ordinance that contains the exemptions contended for by the company. The terms relied upon for the purpose appear in the second section of the ordinance in the immediate connection with the provision, "The said Durham Traction Company, wherever it shall be required to do so, shall cause its roadbed and track to be brought to surface grade at its own expense and cost, but nothing herein contained shall be construed to require said Durham Traction Company to pave its road, but it shall be required to restore its roadbed to the conditions in which it was at the time of laying the track," etc. The ordinance is dealing, and intends to deal, only with the things there required and under conditions then existing. There is nothing that purports to affect the future, nor which could prevent the city government, under more advanced conditions, in the exercise of the powers conferred upon it for the public good, from enacting ordinances that its streets be paved, and that this railway, as an abutting owner, should bear its proper proportion of the cost. Several of the authorities already referred to are in direct approval of the (338) position. New Bern v. R. R., 159 N.C. 542; Sioux City Railwayv. Sioux City, 138 U.S. 98; Railway Co. v. Philadelphia,101 U.S. 528, and numerous others could be cited. *Page 360 
We are confirmed in this view, if confirmation were needed, by the fact that there is grave doubt if either Legislature or city government, in abdication of the police powers conferred upon them for the public good, could enter into a valid contract binding on their successors that never under any circumstances and regardless of changing conditions could any future city government order that its streets be paved and the railway company, as abutting owner, bear its proportion of the costs. Powell v. R.R., 178 N.C. 243; R. R. v. Goldsboro, 155 N.C. 356, affirmed on writ of error, 232 U.S. 548. In case of ambiguity permitting construction, the courts will lean against an interpretation that threatens the constitutionality of a statute. Black's Interpretation of Laws (2 ed.), p. 110.
It is further insisted for the appellant that the assessment is invalid because the same is excessive in amount and discriminative as between this company and other abutting owners, but in our opinion the facts in evidence do not support the objection. It is fully established that in the imposition of these assessments, both the necessity of the proposed improvement and its apportionment are very largely in the discretion of the Legislature, and its subordinate agencies in charge and control of the matter.
Speaking to the question in Felmet v. Canton, supra, the Court held: "The authority conferred by statute on municipal corporations to assess lands abutting upon the streets for public-local purposes comes within the power of taxation, and is largely a matter of legislative discretion, usually held to be conclusive as to the necessity of the improvement, and in respect to the apportionment and the amount only becomes a judicial question in cases of palpable and gross abuse." Tarboro v. Staton,156 N.C. 509; Kinston v. Wooten, 150 N.C. 295, and authority generally on the subject is to the same effect.
True, the Court finds that the value of the property on this main street is only $100,000, but this is the objective or tangible property, constituting the 2.02 miles of trackage on that street, and contains no estimate of the value of the company's franchise under which it is operating, and which, by fair apportionment, must be included in the estimate. The only data presented on that subject is that the net earnings of the company for the year ending 31 December, 1920, was $147,000 from this and other activities under the franchise. There is a further finding to the effect that for the year (339) ending 31 May, 1921, the operation of defendant's railway showed a loss of $17,388.73. Whether this results by reason of exceptional costs and charges accruing during that period does not definitely appear, but there is a presumption against error *Page 361 
and under the principles referred to as controlling and approved in the cases cited, the facts presented are entirely insufficient to justify the Court in upsetting the action of the municipal authorities having charge of the assessment, and this exception must be overruled.
Again appellant objects, contending that the width of the pavement charged against them exceeds the amount allowed by the statute under which the city government proceeded, the limitation being that the burden imposed shall not exceed "the space between the tracks, the rails of the tracks, and eighteen inches in width outside of the tracks of such company." C. S. 2708. The Court finds that the width of assessment where the track is single is eight feet and the crossties of company are seven feet and ten inches, so that if the language and meaning of the statute, "eighteen inches outside of the tracks of the company," by correct interpretation include the rails and the crossties, the width of the paving imposed upon the company is well within the statutory provision. The term "railroad tracks" in several dictionaries is defined to include both the rails and the crossties upon which they are placed, and to extend even to the roadbed. This definition has been approved in authoritative cases dealing with the subject. Bird v. Common Council, 148 Mich. 71; Gates v. Chicago R.R., 82 Iowa 518, and in cases of this character there is every reason to include the crossties as coming within the meaning of the term.
The form of the judgment allowing payment by installments is expressly provided for in the statute, C. S. 2716.
On careful consideration, we find no reversible error, and the judgment of the Superior Court is
Affirmed.
Cited: Kinston v. R. R., 183 N.C. 18; Tarboro v. Forbes, 185 N.C. 62;Durham v. R. R., 185 N.C. 245; Power Co. v. Elizabeth City, 188 N.C. 288;Raleigh v. Bank, 223 N.C. 298.