FREMONT CITY BOARD OF EDUCATION v.
WAYNE COUNTY BOARD OF EDUCATION.

(Filed 17 April 1963.)

1. Schools §§ 4, 10—

　　Allegation of a city board of education that it had assigned the children in question, residents within the unit, to a certain school within the district, and that defendant county board of education had permitted the children to attend a school under its supervision, *held* to state a cause of action entitling plaintiff to relief, G.S. 115-176, and the action was improperly dismissed upon demurrer. Whether plaintiff was entitled to mandamus as prayed in the complaint or only to injunctive relief is not necessary to a decision.

2. Pleadings §§ 4, 19—

　　The relief to which plaintiff is entitled is determined by the allegations of the complaint and not the prayer for relief, which is not a necessary

part of the complaint, and the fact that plaintiff may have demanded a relief to which he is not entitled is not ground for demurrer. G.S. 1-127.

APPEAL by plaintiff from *Cowper, J.,* in Chambers in KINSTON on 10 November 1962.

This action was begun in Wayne County to prohibit defendant from receiving for instruction in the public schools operated by it children who resided in the Fremont Administrative Area and were assigned by plaintiff to a school operated by it. Plaintiff prayed for a writ of mandamus and a mandatory injunction pending a determination of the rights of the parties.

Defendant demurred for failure to state a cause of action and because it affirmatively appeared that plaintiff was not entitled to the relief sought, to wit, a writ of mandamus. The court, reciting "that mandamus is not the proper remedy for the cause of action alleged in the Complaint," sustained the demurrer and dismissed the action. Plaintiff appealed.

*James N. Smith and Lake, Boyce & Lake by I. Beverly Lake for plaintiff appellant.*

*Bland & Freeman by W. Powell Bland and George K. Freeman, Jr., for defendant appellee.*

*Attorney General Bruton and Assistant Attorney General Moody, amicus curiae.*

RODMAN, J. The Legislature, for the efficient operation of the public school system required by Article IX of our Constitution, has divided the State into administrative areas. G.S. 115-4. School attendance is mandatory between the ages of seven and sixteen, G.S. 115-166, and permissive beyond that age, G.S. 115-1. Education provided by the State is free. Teachers paid with State funds are allocated to administrative units on the basis of average daily attendance. G.S. 115-59. Normally children attend a school in the area in which they reside. Each administrative unit must keep a continuous census of the school population in its area. G.S. 115-161. The several boards of education are required "to provide for the assignment to a public school of each child residing within the administrative unit." G.S. 115-176. A child may, however, be assigned to a school outside his administrative area by agreement of the school boards affected by the change in assignment. The agreement must be reduced to writing and entered on the official records of the respective boards. Except by agreement "(n)o child shall be enrolled in or permitted to attend any

public school other than the public school to which the child has been assigned by the appropriate board of education." G.S. 115-176.

The complaint alleges and the demurrer admits: The parties are corporate entities charged with the operation of public schools in their respective units. Plaintiff assigned for the 1962-63 school year five named children who resided within Fremont Administrative Unit to Fremont High School; notwithstanding such residence and assignment, defendant enrolled said children in and permitted them to attend a school under defendant's supervision. Plaintiff has alleged a violation of statutory law designed and intended to provide for the efficient and economic operation of our public school system, a violation which could easily lead to impairment in the operation of the schools in plaintiff's area.

We read the language used to dismiss the action as holding that plaintiff had stated a cause of action. That holding was correct.

The grounds for demurrer are stated in G.S. 1-127. The fact that a plaintiff seeks relief not warranted by his allegations is not within that enumeration. A prayer for relief is not a necessary part of the complaint. *Lockman v. Lockman,* 220 N.C. 95, 16 S.E. 2d 670. Relief will be granted as warranted by the allegations and proof. *McCampbell v. Building & Loan Assoc.,* 231 N.C. 647, 58 S.E. 2d 617; *Dry v. Drainage Commissioners,* 218 N.C. 356, 11 S.E. 2d 143.

Whether defendant should be required by the legal writ of mandamus to terminate the enrollment of the named children in the schools administered by it or prohibited by the equitable writ of injunction from continuing to admit to its schools residents of another school administrative area need not now be decided. The same result can be accomplished by either writ. See *New Bern v. R.R.,* 159 N.C. 542, 75 S.E. 807; *Durham v. R.R.,* 185 N.C. 240, 117 S.E. 17. The Superior Court has authority to issue either writ. An injured party is not now compelled to ponder whether he should apply to a court of law or a court of equity for relief.

If defendant should by answer challenge the allegation with respect to the residence of the children, the court may, upon a proper showing, grant injunctive relief until the vital question of residence has been determined. It should not issue a writ of mandamus until the controverted factual issues have been determined as provided in actions at law. *Harris v. Board of Education,* 216 N.C. 147, 4 S.E. 2d 328.

Reversed.