IN THE MATTER OF APPLICATION FOR REASSIGNMENT OF SUZANNE PERRY HAYES FROM FREMONT HIGH SCHOOL TO CHARLES B. AYCOCK HIGH SCHOOL.

(Filed 15 April, 1964.)

**1. Schools § 10—**

The Pupil Assignment Law provides for the assignment *en masse* of pupils without a hearing, based upon residence, by the respective administrative units, with provision for reassignment in proper instances upon an individual basis on application in writing by the parents of a pupil, and the law places all emphasis on the welfare of the child and the effect upon the school to which reassignment is requested. G.S. 115-176, G.S. 115-178.

**2. Same; Administrative Law § 4; Courts § 7—**

The hearing in the Superior Court upon appeal by parents from the refusal of their request for reassignment of a pupil is *de novo*, G.S. 115-179, and a *de novo* hearing is a new hearing as though no action whatever had been taken in an inferior court or administrative agency.

**3. Reference § 2—**

Even though a statute provides for a jury trial in the Superior Court the parties may, by consent, waive jury trial and substitute therefor a hearing before a referee.

**4. Reference § 8—**

The trial court has the power, upon exceptions to the referee's findings, to affirm in whole or in part, modify, or set aside or make additional findings in passing upon the exceptions.

---

---

**5. Appeal and Error § 49—**

The findings of fact of the referee, approved by the trial court, are conclusive in the Supreme Court upon further appeal.

**6. Schools § 10—**

Where, on appeal in the Superior Court from the refusal of the administrative unit to reassign a pupil, the cause is referred by consent and the referee concludes, upon supporting findings, that the reassignment of the pupil would be to her best interest and would not interfer with the proper administration of said school, order of the court that the pupil be reassigned to the school of her choice, even though it be in a different administrative unit, will be upheld, such reassignment being entirely satisfactory to the authorities of the unit to which the reassignment is ordered.

PARKER, J., concurring.

RODMAN, J., concurring in result.

MOORE, J., dissenting.

BOBBITT, J., joins in dissenting opinion.

APPEAL by Fremont City Board of Education from *Cowper, J.,* WAYNE County Superior Court.

On June 5, 1963, Mr. and Mrs. B. S. Hayes filed with the Fremont City Board of Education a formal application for the reassignment of their daughter, Suzanne Perry Hayes, age 15, from the Fremont High School to the Charles B. Aycock High School for the school year 1963-64. The reasons for the requested reassignment appear in the judgment, hereafter quoted in full.

On July 22, 1963, the Fremont City Board of Education entered its decision denying the application. On July 31, 1963, the parents served notice of appeal from the decision of the Board to the Superior Court of Wayne County. When the appeal came on to be heard at the August, 1963 Civil Session, Judge Cowper, by consent, appointed Julian T. Gaskill referee to hear evidence, make findings of fact, state his conclusions of law arising thereon, and report to the court. The referee, after an extensive hearing, filed his report on October 10, 1963. The Fremont City Board of Education filed detailed exceptions to the referee's findings of fact and conclusions of law upon the ground the evidence and law did not warrant them. After hearing on the referee's report, the court entered this judgment:

"This cause coming on to be heard before Albert W. Cowper, Resident Judge of the Eighth Judicial District holding the courts of the Eighth Judicial District, and it appearing to the Court that a consent order of reference was entered in this cause on the 26th day

of August 1963, in which said order Julian T. Gaskill was named Referee to hear the evidence of both the appellant and appellee and report his findings of fact and conclusions of law to this Court in the manner provided by law not later than the 26th day of September 1963;

"It further appearing to the Court that Julian T. Gaskill, Referee, held a hearing in which both the appellant and appellee were represented by counsel and presented evidence on September 16th and 17th, 1963, and that said Referee duly filed a report including findings of fact and conclusions of law, together with a transcript of the testimony and all exhibits, on the 27th day of September, 1963, the report of the Referee being as follows:

" 'THE REFEREE FINDS THE FOLLOWING FACTS:

" '1.   That the applicant, Suzanne Perry Hayes, in enrolled as a student in the Fremont High School and is a sophomore in said school; that during the school year of 1962-63 she attended Charles B. Aycock High School as a member of the Freshman class; that during the school year 1962-63 while a student at Charles B. Aycock High School, she took among other courses Latin I, and that she wishes to continue her work in Latin and take Latin II during the present school year of 1963-64; that no course in Latin is available to students of Fremont High School; that she was also a member of the school band which is likewise not available at the Fremont High School.

" 'The Referee finds that Suzanne Perry Hayes is an outstanding student having made grades on her courses at Charles B. Aycock High School ranging from 96 to 99; that her I. Q. tests place her in the 80th percentile; that her parents and she desire that she have the competition and challenge offered to her by the Charles B. Aycock High School with its expanded curriculum particularly in the field of foreign languages.

" 'The Referee further finds that it is the desire of this student and of her parents for her to complete at least three and possibly four units of foreign language which are not available to her in the said Fremont High School; that it is her desire and the desire of her parents that after necessary preparatory schooling she enter the field of medicine at either Duke University or the University of North Carolina, and that additional foreign language and particularly Latin would be helpful to her in this field; that she would expect to enter St. Mary's College for preparatory work

leading to entrance to medical school, and that presently this college requires a minimum of two units each of two foreign language or three units of Latin. The Referee also finds that because of her prior attendance at Charles B. Aycock High School and because of the courses, associations, and facilities in said school, she would be happier with the work and would tend to be a better and more satisfied student.

" '2. The Referee further finds as a fact that reassignment of Suzanne Perry Hayes to the Charles B. Aycock High School will be for her best interest and such reassignment will in nowise interfere with the proper administration of said school; neither will her reassignment interfere with the proper instruction of the pupils enrolled therein, and it will not endanger the health or safety of the children therein enrolled.

" 'THE REFEREE SUBMITS TO THE COURT HIS CONCLUSIONS OF LAW AS FOLLOWS:

" '1. The Referee is of the opinion that the intent of the North Carolina Legislature in enacting the Assignment and Enrollment of Pupils Act (Article 21, G.S. 115-176 through and including 115-179) was to give to local school boards wide authority in the reassignment of pupils to the schools. This is indicated in the reports of the Study Committees, and an analysis of the statutes by the North Carolina Supreme Court: IN RE APPLICATION FOR REASSIGNMENT, 247 N.C. 413. Nevertheless, the Referee is of the opinion and so concludes as a matter of law that in the instant case, the preponderance of the evidence compels a finding that, as to Suzanne Perry Hayes the exception as referred to in G.S. 115-176 applies.

" '2. The Referee further concludes as a matter of law that the reassignment of Suzanne Perry Hayes to the Charles B. Aycock High School would be for her best interest, and that her reassignment would in nowise interfere with the proper administration of said school; neither would her reassignment interfere with the proper instruction of the pupils therein enrolled nor would it endanger the health or safety of the children therein enrolled.

" '3. The Referee further concludes as a matter of law that the action of the Fremont City Board of Education should be set aside, and that Suzanne Perry Hayes should be reassigned to the Charles B. Aycock High School.

" 'Therefore, the Referee enters his decision as follows:

" '1. That the action of the Fremont City Board of Education denying the reassignment of Suzanne Perry Hayes be set aside.

" '2. It is adjudged that it is for the best interest of Suzanne Perry Hayes to attend the Charles B. Aycock High School, and she is entitled to attend said school.

" '3. That it is directed and ordered that Suzanne Perry Hayes be forthwith reassigned to the Charles B. Aycock High School under the Wayne County Board of Education.'

"It further appearing to the Court that the Fremont City Board of Education filed exceptions to the Report of the Referee, that all parties waived further time and agreed that the Court should hear the cause out of term and out of the County, and that this cause came on to be heard before the Court on October 11, 1963, in Greene County, North Carolina, that all parties were represented by counsel and each party presented oral arguments as to findings of fact and conclusions of law, and that the appellant and appellee each filed a brief with the Court.

"And it appearing to the Court after having considered the transcript of evidence presented before the Referee and the exceptions of the appellee to the findings of fact and conclusions of law contained in the Report of the Referee and having considered the oral arguments and briefs made and filed by each of the parties, that the findings of fact and conclusions of law found by the referee are correct and based upon competent evidence and the law applicable thereto.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Report of the Referee be, and the same is hereby in all respects approved and confirmed, and it is FURTHER ORDERED, ADJUDGED AND DECREED:

"1. That the action of the Fremont City Board of Education denying the reassignment of Suzanne Perry Hayes be set aside.

"2. It is adjudged that it is for the best interest of Suzanne Perry Hayes to attend the Charles B. Aycock High School and she is entitled to attend said school.

"3. It is ordered that Suzanne Perry Hayes be reassigned to the Wayne County Board of Education for enrollment in the Charles B. Aycock High School effective immediately, said assignment

and enrollment not be be affected by any entry of notice of appeal upon this judgment . . .

"/s/ ALBERT W. COWPER, Judge of the Superior Court, Resident Judge of the Eighth Judicial District, Holding the Courts of the Eighth Judicial District."

From the foregoing judgment, the Fremont City Board of Education appealed.

*James N. Smith for Fremont City Board of Education, appellant.*
*Bland & Freeman by W. Powell Bland, George K. Freeman, Jr., for Suzanne Perry Hayes, appellee.*

HIGGINS, J. This controversy arises under the Pupil Assignment Law now codified as Article 21, General Statutes of North Carolina. Section 115-176 requires each county and city board of education "to provide for the assignment to a public school of each child residing within the administrative unit who is qualified . . . for admission to a public school. Except as otherwise provided in this article, the authority of each board in the matter of assignment . . . shall be final. A child residing in one administrative unit may be assigned . . . to a public school located in another administrative unit upon such terms and conditions as may be agreed in writing between the boards of the administrative units involved . . ." This section provides for assignment *en masse* upon the basis of residence and without hearing. Assignment may be made to a school outside the administrative unit if the boards agree in writing. The section authorizes assignment without notice, or the approval of the child, or its parents, and without hearing. No child shall be enrolled in or permitted to attend any other public school.

The foregoing is the rule for assignment in the first instance. The Legislature, however, recognized that the exact enforcement of any hard and fast rule may work hardship in individual cases. Hence, Section 115-178 provides that any parent who is dissatisfied with the assignment of his child may apply to the board in writing for a hearing "on the question of reassignment of such child to a different school." . . . "If, at the hearing, the board shall find that the child is entitled to be reassigned to such school, or if the board shall find that the reassignment of the child to such school will be for the best interests of the child, and will not interfere with the proper administration of the school, or with the proper instruction of the pupils there enrolled, and will not endanger the health or safety of the children there enrolled,

the board shall direct that the child be reassigned to and admitted to such school."

It is worthy of note that the statute places all emphasis on the welfare of the child and the effect upon the school to which reassignment is requested.

When the Fremont City Board refused to make the requested reassignment to the Aycock High School, the parents appealed to the Superior Court as authorized by G.S. 115-179. "Upon such appeal, the matter shall be heard *de novo* in the superior court before a jury in the same manner as civil actions are tried and disposed of therein." The appeal in this *de novo* hearing vests the superior court with full power to make the requested reassignment if permitted by law. "The word '*de novo*' means fresh or anew; for a second time; and a *de novo* trial in appellate court is a trial had as if no action whatever had been instituted in the court below." *In Re Farlin,* 350 Ill. App. 328, 112 N.E. 2d 736. "Power to try a case *de novo* vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." *Lone Star Gas Co. v. State,* 137 Tex. 279, 153 S.W. 2d 681. "The language of the statute is mandatory. It provides that on appeal from the action of the Board the circuit court '*shall hear* the matter *de novo.*' This means that the court must hear or try the case on its merits from beginning to end as if no trial or hearing had been held by the Board and without any presumption in favor of the Board's decision." *Hiner v. Wenger,* 197 Va. 869, 91 S.E. 2d 637. "The provision that on appeal the trial shall be 'under the same rules and regulations as are prescribed for the trial of other civil causes,' has been interpreted to mean that the trial shall be *de novo.*" *Utilities Comm. v. Trucking Co.,* 223 N.C. 687, 28 S.E. 2d 201. "A trial *de novo* in an appellate tribunal commonly designates a trial had as though no action whatever had been instituted in the court below." 5 C.J.S., Appeal and Error, § 1524.

While the statute provides for the *de novo* hearing before a jury, nevertheless, the parties by consenting to the reference waived the jury trial and substituted therefor the hearing before the referee. *In Re Parker,* 209 N.C. 693, 184 S.E. 532. However, upon exceptions to the referee's findings, the trial judge had power to affirm in whole or in part, modify, set aside, make additional findings, etc. This he may do only in passing on exceptions. *Coburn v. Land & Timber Corp.,* 257 N.C. 222, 125 S.E. 2d 593. However, when the record comes here, we are bound by the findings if they are supported by competent evidence. *Anderson v. McRae,* 211 N.C. 197, 189 S.E. 639. The referee found facts and Judge Cowper approved and affirmed them.

IN RE HAYES.

Inasmuch as reassignment is in the nature of a special case and to be made on an individual student basis, upon the request of the parent, the referee properly excluded evidence relating to other applicants for transfer. The assignment of error based on the exclusion is not sustained. The inquiry was limited to the question whether Suzanne Perry Hayes was entitled to reassignment to the school she had attended the previous year and which was only three miles from her home, though in a different administrative unit. The reassignment was entirely satisfactory to the authorities of the Aycock High School. It was admitted on the argument that the parents would take care of her transportation to that school.

A careful review of the record convinces us the findings made by the Referee and reviewed by the Court on exception, are fully supported by competent and substantial evidence. Likewise, the conclusions of law and order based thereon are in accordance with the provisions made by the Legislature; and that the reassignment should be sustained.

The judgment of the Superior Court of Wayne County is

Affirmed.

PARKER, J., concurring: In my opinion, the interpretation in the majority opinion of the relevant parts here of the Pupil Assignment Law as enacted by the General Assembly is correct. The expediency of enacting such a statute, and all the parts thereof, is a matter of which the General Assembly is the proper judge, and not this Court. Should one or more provisions of this statute prove in practice not desirable or ill-advised, the General Assembly has plenary power, unless prohibited by some provision of the Federal or State Constitution, to alter or amend the statute, as they in their sound judgment and discretion deem proper in the best interest of the education of the children of the State.

RODMAN, J., concurring in result:

Each school board is authorized to determine the school which the children within its boundaries shall attend. Such determination is an assignment. G.S. 115-176. If a parent is dissatisfied with the assignment so made, he may apply to the board for reassignment—that is, assignment to a different school. It is the duty of the board to reassign if "the reassignment of the child to such school will be for the best interest of the child, and will not interfere with the proper administration of the school." The board finding these facts directs "that the child be reassigned to and admitted to such school." G.S. 115-178.

If the parent is not satisfied with the findings and conclusion made by the school board in which the child resides, the parent may appeal to the Superior Court. Upon such appeal, there is a hearing *de novo*. If the facts be there established as plaintiff contends, it becomes the duty of the Court to make an order fixing the school which the child shall attend. G.S. 115-179.

Ordinarily, a school board can only assign or reassign children to the schools of the unit in which they reside, but pupils residing in one administrative unit may be assigned to a school located in another administrative unit upon such terms and conditions as the respective boards may agree upon. G.S. 115-163.

There is no evidence in this record of any written contract between the Wayne County and Fremont City School Boards. But it is established by Fremont Board's evidence that it had a contractual arrangement with Wayne County Board by which Fremont could, and did, reassign children to Wayne County schools. In fact, some were reassigned to the Aycock School.

Fremont does not contend that the applicant is not within the class covered by the contract between the two boards. It denies applicant's right to transfer on the theory that such transfer is not to the best interest of the Fremont school.

So long as Fremont has a contractual right to assign children to the Aycock School, it has, in my opinion, the duty to reassign, if applicant establishes facts requisite for reassignment. Fremont cannot pick and choose between qualified applicants. It is at liberty to make a contract with the Wayne County Board describing with particularity classes or groups which may be reassigned. Only those within the described class may be assigned, or reassigned, to the contracting school; *Board of Education v. Board of Education,* 259 N.C. 280, 130 S.E. 2d 408; but anyone within the described class may apply for reassignment. If he establishes the facts required by the statute, he must be reassigned.

MOORE, J., dissenting:

My interpretation of the Pupil Assignment Law, G.S. 115-176 to G.S. 115-179, differs from that of a majority of the Court. To me the conclusion seems inescapable that a child has no such vested legal right to attend a school, outside the administrative unit in which he or she resides, as will permit him or her to appeal from a denial of permission therefor by the board of education of the home unit.

It is provided that "Each county and city board of education *is* . . . *authorized and directed* to provide for the assignment to a public

school of each child residing within the administrative unit who is qualified under the public laws of this State for admission to a public school." G.S. 115-176. This imposes a positive duty on each board of education. It is contemplated that the assignments will be to schools in and maintained by the administrative unit. The board of education has the corellative duty to provide and maintain schools for the pupils to attend.

Obviously emergencies may arise or unusual circumstances exist which would require or make advisable the assignment of children or a child to a school or schools outside the unit. To provide for such contingency it is written: "A child residing in one administrative unit *may be assigned* . . . to a public school located in another administrative unit upon such terms and conditions as may be agreed in writing between the boards of education of the administrative units involved and entered upon the official record of such boards." G.S. 115-176. This provision is permissive (". . . may be . . .") and not mandatory, and presupposes consent and agreement in writing between the boards of education of the affected units. It confers no right upon a child in the absence of the affirmative consent of both boards involved. In the instant case there is no writing and the Fremont Board has not consented.

Ordinary general assignments are made summarily by boards of education. Parents or guardians desiring their children to be reassigned may request such in writing and if the request is denied may obtain a hearing. "If, at the hearing, the board shall find that the child is entitled to be reassigned to such school (to which assignment is desired), or if the board shall find that the reassignment of the child to such school will be for the best interests of the child, will not interfere with the proper administration of the school, or with the proper instruction of the pupils there enrolled, and will not endanger the health or safety of the children, the board shall direct that the child be reassigned to and admitted to such school." G.S. 115-178. Patently "such school" referred to in this provision is not a school of an outside administrative unit. Certainly it was not contemplated by the General Assembly that the board of education of Unit A should pass upon and make a determination of what will interfere with the proper administration, interfere with the proper instruction of pupils, and will endanger the health or safety of students, of a school of Unit B. A board is in a position to determine the conditions in one of its own schools, but not in a school under the jurisdiction of another board. The hearing and appeal provisions of the law do not logically apply to a proceeding such as that attempted in the case at bar.

It was not intended that upon a showing that a child will receive better advantages in another administrative unit, and the unit can receive the child without injury, such child thereby becomes legally entitled to transfer to that unit if the "welcome mat" is out. Carried to its extreme but logical conclusion this theory could depopulate the schools of a small county, having small schools. Weaker administrative units will be helpless to prevent their desiccation.

BOBBITT, J., joins in this dissenting opinion.