CITY OF KINSTON v. S. H. LOFTIN, Guardian of Fred
I. Sutton, et al.

(Filed 25 November, 1908).

1. Municipal Corporations — Streets — Assessments, Validity of — Statutory Requirements.

An assessment for a street improvement according to frontage as directed by the statute is valid:

2. Same—Due Process—Constitutional Law.

A statute authorizing such an assessment which provides for a notice that will enable the property owner to appear before some authorized tribunal and contest the validity and fairness of the assessment before it becomes a fixed charge on his property is not open to the objection that it deprives the owner of his property without due process of law.

3. Same—Notice—Remedies.

The action of a municipality to enforce the collection of a special assessment against the property of a citizen, when in strict accordance with the provisions of a statute authorizing it, is not invalid or unconstitutional on the ground that previous notice of the assessment was not given, when the statute gives the citizen the right to set up every available defense in the action pending.

ACTION, tried before *Neal, J.,* March Term, 1908, of LENOIR, to enforce collection of special assessment ·against property of defendants, jury trial having been formally waived by the parties.

There was judgment for plaintiff for the amount of the assessment claimed, and defendants excepted and appealed, noting their exceptions as follows:

"The defendants excepted to the judgment rendered for the reason that, under the evidence and the facts found, it should have been rendered in favor of the defendants and against the plaintiff, as no notice was given to the defendants of the assessment against the said land until after the assessment was made, and the defendants having been given no opportunity to appear before the board of aldermen before the assessment was made, the said assessment was the taking

of property without due process of law, in violation of the Constitution of the United States."

*Y. T. Ormond* for plaintiff.
*Wooten & Clark* for defendants.

HOKE, J., after stating the case: The right to make assessments of this character, and the reasons upon which it may be properly made to rest, are fully and forcibly stated in the opinion delivered by Shepherd, J., for the Court, in the case of *Raleigh v. Peace,* 110 N. C., 32; and the method of assessment per front feet, being the one directed and pursued in this instance, has been also sanctioned with us by express decision. *Hilliard v. City of Asheville,* 118 N. C., 845. And the correct doctrine, with reference to notice required in these proceedings, is against the position contended for by defendants. On this question it is well established that, if notice is provided for "which will enable the property owner to appear before some duly authorized officer, board, or tribunal, and contest the validity and fairness of the assessment made against him, before it can become a fixed and established charge upon his property, it will be sufficient." 25 A. & E. (2 Ed.), 1216, citing *Gilmore v. Hunting,* 33 Kansas, 156. And our own decisions recognize and uphold this as substantially correct. *Lumber Co. v. Smith,* 146 N. C., 199.

In this case, the statute in question, Private Laws 1905, ch. 338, after authorizing the improvement, and establishing the method by which same shall be made and the cost collected, in the latter paragraph of section 9, and in reference to the collection of the assessment, provides: "That the same may be enforced and collected by suit instituted by the City of Kinston, in the Superior Court of Lenior County, and in his answer to the action so instituted, the owner shall have the right to deny the whole, or any part, of the amount claimed to be due by the city, and to plead any irregularity in reference to the assessment or any fact relied upon, to

question the legality of the assessment, and the issues raised shall be tried, and the cause disposed of according to law and the course of practice of the court."

In the case before us it appears from the findings of fact, that the statutory methods have been strictly pursued. The order for the improvement was formally made, the work has been well done at a reasonable cost, and the amount assessed well within the limit allowed and established by the law; and in the present suit, instituted as provided by the statute, the defendants have been afforded opportunity to assert and establish every defense available to them, either by reason of irregularity or on the merits. In *Davidson v. New Orleans,* 96 U. S., 104, *Miller, J.,* delivering the opinion of the Court, said:. "That whenever, by the laws of a State, or by State authority, a tax assessment, servitude, or other burden, is imposed upon property for the public use, whether it be for the whole State or for some more limited portion of the community, and those laws provide for a mode of confirming or contesting the charge thus imposed, in the ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property as is appropriate to the nature of the case, the judgment in such proceedings cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections."

The objections of defendant, therefore, urged on the ground that no proper notice was provided for, cannot be sustained. The other objections adverted to in defendants' brief are not presented in the record, and, there being no valid objection shown, the judgment of the Superior Court is

Affirmed.