WALKER, J., dissenting.
It appeared that the municipal authorities of Tarboro, acting under power expressly conferred by the Legislature, had passed an ordinance requiring the owners of property abutting on that part of Main Street from Church Street to Howard Avenue to curb and gutter the portion of the street in front of their property according to certain stated specifications, the one-half of the cost to be borne by the town and the other half by the owners of abutting property according to frontage, and providing further, if any abutting owners should fail to make said improvement within thirty days after due notice given, the proper officers of the town should have same done, and that one-half costs thereof should be assessed against said property owners at so much per front foot, etc. That defendant, after notice duly given, had failed and refused to comply with the terms of the ordinance. The work was done by the authorities, the cost thereof requiring an assessment of 50 cents per front foot, and showing plaintiff's portion to be $63.12.
The act in question declares the amounts properly assessed to be a lien on respective lots enforcible by action in the Superior Courts, and *Page 408 
contains the provision: "And in his answer to the action so instituted the owner shall have the right to deny the whole or any part of the amount claimed to be due by the town, and to plead any irregularity in reference to the assessment, and the issue raised shall be tried and the cause in other respects disposed of according to law and the (506) practice of the court."
Defendant resists recovery chiefly on the ground (1) that the property of defendant in fact received no special benefit by reason of the alleged improvement; (2) that such special benefits were in no wise considered by the authorities when the assessment was ordered or made; and, having made answer to this effect, tendered issues presenting his position, and same were declined.
On issues submitted by the court, the jury rendered the following verdict:
1. Did the commissioners of Tarboro in making the assessment take in consideration the special benefits the property assessed received in addition to the benefits received by the community at large? Answer: No.
2. Was the work done according to the requirement of the notice served on the property-owner? Answer: Yes.
3. Is the defendant's lot so situated and located that any assessment charged against it should not be measured by the frontage rule? Answer: No.
4. What amount, if any, is the plaintiff entitled to have charged and assessed as a lien against the property of the defendant described in the complaint? Answer: $63.12, which is admitted to be one-half of the actual reasonable cost of the curbing and gutter.
Judgment on the verdict, and defendant excepted and appealed, assigning for error the refusal to present or consider the questions embodied in his issues.
After stating the case: The right to impose burdens of this kind and the method of assessment by the frontage rule, in cases like the present, have been upheld in several decisions of our Court, as in Kinston v. Wooten, 150 N.C. 295; Kinston v. Loftin, 149 N.C. 255;Asheville v. Trust Co., 143 N.C. 360; Hilliard v. Asheville, 118 N.C. 845; Raleigh v. Peace, 110 N.C. 32. While it is said (507) in these and other cases that assessments of this character can only be upheld on the "theory of special benefit conferred and which bear some reasonable relation to the burdens imposed," the right to *Page 409 
make them as a general proposition is referred to the sovereign power of taxation, which is primarily, and as a rule exclusively, a legislative power. And it is held with us, and the ruling is, we think, in accord with the great weight of authority, that in reference to a local improvement, governmental in its nature, and the action of the Legislature, or of local authorities exercising legislative power expressly conferred for the purpose, is conclusive as to the necessity for a given improvement and in establishing general rules, by any of the recognized methods, imposing special assessments for its construction and maintenance. And in applying these rules or methods to the property of an individual owner and on the question of amount, the legislative declaration shall so far prevail that it is only in rare and extreme cases that the courts are allowed to interfere. Speaking to this question in Raleigh v. Peace,supra, the Court held: "The power to levy such assessments is derived solely from the Legislature, acting either directly or through its local instrumentalities, and the courts will not interfere with the exercise of the discretion vested in the Legislature as to the necessity for or the manner of making such assessments, unless there is a want of power or the method adopted for the assessment of the benefits is so clearly inequitable as to offend some constitutional principle." And in Ashevillev. Trust Co., 143 N.C. 360, it was said: "It has been repeatedly decided that the legislative act of assigning districts for special taxation on the basis of benefits cannot be attacked on the ground of error in judgment regarding the special benefits and defeated by satisfying a court that no special and peculiar benefits are received. If the Legislature has fixed the district and laid the tax for the reason that, in the opinion of the legislative body, such district is peculiarly benefited, its action must in general be deemed conclusive." Again, in Kinston v.Wooten, supra, it was held: "As a general rule, the assessment of adjoining property by a city for the paving of its streets and sidewalks by the front-foot rule will be upheld; but (508) in instances where it is made to appear that in applying this rule to the property of an individual owner there is a marked disproportion between the burden imposed and any possible benefit, so that it is manifest that the principle of equality had been entirely ignored and gross injustice done, the court may interfere and afford proper relief."
In this case the Court further said: "It will thus be seen that, while the right of the court to interfere for the protection of the individual owner of property is recognized, its exercise can only be justified and upheld in rare and extreme cases, when it is manifest that otherwise palpable injustice will be done and the owner's right clearly violated. This limitation arises of necessity in this scheme of taxation, for in its practical application it would well-nigh arrest all imposition of these *Page 410 
burdens if each individual owner of property were allowed to interfere and stay the action of the officials on any other principle." The opinion then refers with approval to the case of Atlanta v. Hamlein, 96 Ga. 383, and in which Atkinson, J., said: "As a general proposition, upon the question of benefit, whether general or special, the owner is concluded by an expression of the legislative will. Where power is conferred upon the municipal authorities, in their discretion, to inaugurate a system of street improvements, with the power likewise conferred of imposing upon the abutting lot owners a proportionate share of the cost of such improvements, such power may be well exercised by the city authorities without giving notice of any character to the lot owner; and it is inconsistent with the proper exercise of the taxing power, and would tend to a manifest embarrassment of the public in the prosecution of these public improvements, if, upon every assessment, the lot owner were entitled to have the question judicially determined whether or not he would be benefited by the proposed improvement. As to whether he was benefited or not is a question which should address itself to the discretion of the municipal authorities. Their judgment upon this subject is ordinarily, except in the most extreme cases, conclusive; but, as we have before stated, it is not allowable that the municipal (509) authorities, under the guise of a public improvement, should arbitrarily deprive the citizen of his estate. If, therefore, in the levy of such assessments, the cost of the improvement be so disproportionated to the value of the estate sought to be improved as that the levy of the assessment amounts to a virtual confiscation of the lot owner's property, such assessment cannot be upheld as a legal or valid exercise of the power to tax for such improvements."
These decisions are sustained, we think, as stated, by the weight of well-considered authority. The case of Norwood v. Baker, 172 U.S. 269, as interpreted and applied by subsequent decisions of the same high Court not being in direct or necessary antagonism to the view presented, see Frenchv. Asphalt Paving Co., 181 U.S. 324; Wight v. Davidson, 181 U.S. 371;Tonawanda v. Lyon, 181 U.S. 389; Atlanta v. Hamlein, supra; Preston v.Rudd, 84 Ky. 150; Wheeler v. District Court, 80 Minn. 293; Elliott on Roads and Streets (3 Ed.), sec. 685; Hamilton Special Assessments, sec. 181; Judson on Taxation, sec. 359.
This, then, being the correct principle, the position contended for by defendant can in no wise be sustained. The statute confers ample authority. The front-foot rule has been adopted and declared a correct and proper method and the amount assessed against defendant, $63.12 for a frontage of 252 1/2 feet, would seem to be reasonable, just, and *Page 411 
moderate. Certainly there is nothing in the record or in the evidence which shows or tends to show facts which would authorize the Court to interfere or stay collection of the amount charged.
On the question of notice, the provision of the law, affording defendants an opportunity to appear and question the amount or validity of an assessment, has been approved and held sufficient in a statute of similar import in Kinston v. Wooten and Kinston v. Loftin, supra, the doctrine being stated in Loftin's case as follows: "A statute authorizing such an assessment which provides for a notice that will enable the property owner to appear before some authorized tribunal and contest the validity and fairness of the assessment before it becomes a fixed charge on his property is not open to the objection that it deprives the owner (510) of his property without due process of law."
There is no error, and the judgment below must be affirmed.
No error.