S. R. FELMET ET AL. v. THE TOWN OF CANTON.

(Filed 3 January, 1919.)

1. **Municipal Corporations—Cities and Towns—Streets and Sidewalks—— Improvements—Assessments.**

   Municipal corporations, acting under authority conferred by statute, may make assessments upon the land abutting upon the street for public local purposes, according to any of the recognized methods of procedure and apportionment, including both the front-foot rule as well as the creation of local assessment districts.

2. **Same—Statutes—Taxation—Discretionary Powers—Courts.**

   The authority conferred by statute on municipal corporations to assess lands abutting upon the streets for public local purposes comes within the power of taxation and is largely a matter of legislative discretion, usually held to be conclusive as to the necessity of the improvement, and in respect to the apportionment and the amount only becomes a judicial question in cases of palpable and gross abuse.

3. **Municipal Corporations—Cities and Towns—Streets and Sidewalks—Assessments—Notice—Objection—Estoppel.**

   Where the notice provided by the statute has been given the owners of land abutting on a street of assessments to be made on their property for

street improvements, and an opportunity to be heard thereon is afforded them before the designated authorities, and no objection is made as to the amount, the owner is usually estopped from questioning the validity of the assessment when determined upon by the method prescribed.

4. **Municipal Corporations — Cities and Towns — Streets and Sidewalks— Water Pipes—Assessments—Front-Foot Rule—Statutes—Tax Districts.**

Where the commissioners of a town, acting in pursuance of a statute, have laid pipe lines along certain designated streets, in extension of the water system, and assessed the costs one-third each against the abutting owners on either side of the streets, and apportioned such costs in an assessment according to the front-foot rule, and have given proper notice of such assessment required by the statute, and no objection was made by any of the property owners, and it does not appear that there is anything unjust or oppressive, either in the improvements itself or the method or amount of the assessment, the statute having provided for the method of assessment by the front-foot rule: *Held*, objection that a taxing district should have been formed is untenable, and a temporary restraining order theretofore issued was properly dissolved.

5. **Municipal Corporations—Cities and Towns—Profits—Governmental Functions—Water Pipes—Assessments.**

The principle upon which a municipality engaged in supplying water to the individual citizen, under contract for profit or pay, must be considered and dealt with as a private owner, applies to the ordinary burdens and liabilities incident to their private business relations, and not to its work for the public generally, such as procuring its water supply and extending it, providing for fire protection and sanitation purposes, and the like, for therein the municipality is to be regarded as a governmental agency and, as such, possessing and capable of exercising the powers and privileges conferred upon it by law.

6. **Statutes — Municipal Corporations — Cities and Towns — Water Pipes— Assessments—Notice.**

Construing sec. 6, ch. 12, Private Laws of 1917, with other relevant sections of the act, especially sections 4 and 5, it is *Held*, that the provision for notice of assessment to be given by the town of Canton is not confined to the improvement of its streets alone, but includes the laying, etc., of its water pipes.

ACTION heard on return to a preliminary restraining order before *Lane, J.,* at May Term, 1918, of HAYWOOD.

The action was instituted by plaintiffs, citizens and abutting owners of property in West Canton, to set aside and restrain the collection of an assessment made by the town of Canton against plaintiffs as abutting owners by reason of a pipe laid along the streets in front of plaintiffs' property and for the purpose of supplying the owners and occupants with the city water, etc. On the hearing the restraining order was dissolved and plaintiffs excepted and appealed.

*J. Bat Smathers and Thomas A. Clark for plaintiffs.*
*J. T. Horney and Thomas A. Jones for defendants.*

HOKE, J.   The right of municipalities to make these assessments for public local purposes, when acting under legislative authority properly conferred, has been very broadly upheld in this State, extending to any of the recognized methods of procedure and apportionment and including both the front-foot rule as well as the creation of local assessment districts.   Being, as it is, referred to the power of taxation, it is very largely a matter of legislative discretion, usually held to be conclusive as to the necessity for the improvement, and in respect to the method of apportionment as well as the amount it only becomes a judicial question in cases of palpable and gross abuse.   *Justice v. Asheville,* 161 N. C., 62; *Tarboro v. Staton,* 156 N. C., 504; *Schank v. Asheville,* 154 N. C., 40; *Kinston v. Wooten,* 150 N. C., 295; *Kinston v. Loftin,* 149 N. C., 255; *Asheville v. Trust Co.,* 143 N. C., 360; *Durham v. Riggsbee,* 141 N. C., 128; *Hilliard v. Asheville,* 118 N. C., 845; *Raleigh v. Peace,* 110 N. C., 32; *Honck v. Drainage District,* 239 U. S., 254; *French v. Barber, etc., Co.,* 181 U. S., 324.

In *Tarboro v. Staton, supra,* the recognized principle is stated as follows:   "While these assessments are upheld on the theory of special benefits conferred, and which bear some reasonable relation to the burdens imposed, authority to make them is referred to the sovereign power of taxation, which is primarily and as a rule exclusively a legislative power; and where the Legislature, or a municipal government, exercising legislative power expressly conferred for the purpose, has provided for a local improvement of this character, its action is conclusive as to the necessity for the improvement; and in establishing general rules by any of the recognized methods imposing special assessments for its construction and maintenance and in applying these rules or methods to the property of an individual owner, the courts are permitted to interfere only in rare and extreme cases, in which it is clearly manifest that the principle of equality has been entirely ignored and gross injustice done."

And in *Raleigh v. Peace:*   "The power to levy such assessments is derived solely from the Legislature, acting either directly or through its local instrumentalities, and the courts will not interfere with the exercise of the discretion vested in the Legislature as to the necessity for or the manner of making such assessments, unless there is a want of power or the method adopted for the assessment of the benefits is so clearly inequitable as to offend some constitutional principle."

And in respect to the notice in these cases, our decisions are to the effect that it is not required that notice be given the owner of the resolutions to condemn his property, nor of its actual appropriation, but the constitutional guarantees for the owner's protection are met when such a notice is provided for or actually given that will enable him to appear

before some authorized tribunal and contest the validity and fairness of the assessment before it becomes a fixed charge upon his property. *Kinston v. Loftin, supra,* citing *Davidson v. New Orleans,* 96 U. S., 97; *Durham v. Riggsbee, supra,* and *S. v. Jones,* 139 N. C., 613.

In this connection, it has been held that if the statute so provides, public notice in a newspaper of general circulation in the vicinity will suffice. *Luther v. Comrs.,* 164 N. C., 241; *S. v. Jones,* 139 N. C., *supra; Wright v. Davidson, supra; Lent v. Tillson,* 140 U. S., 316; 15 Cyc., 847. And when the notice required by the statute has been duly given, affording opportunity to appear and be heard on the question, if no objection is made, the owner is usually estopped from questioning the validity of the assessment. *Luther v. Comrs., supra; Schank v. Asheville, supra;* 10 R. C. L. 230, etc.

From the facts in evidence, it appears that, pursuant to powers conferred by express legislative enactment (Private Laws 1917, ch. 12), the commissioners of the town of Canton, in extension of their water system, have laid these pipe lines along certain designated streets of West Canton and assessed the costs, one-third each, against the abutting owners· on either side of the streets and apportioned according to the front-foot rule; that proper notice of such assessment was given as the statute requires, and no objection was made by the property owners, or any of them; in fact, the improvement seems to have been undertaken at the instance of a majority of the property owners in the vicinity. It nowhere appears that there is anything unjust or oppressive, either in the improvement itself or the method or amount of the assessment, and under the authorities cited and the principles prevailing in this jurisdiction his Honor correctly ruled that the restraining order be dissolved.

It is chiefly objected for plaintiff that the apportionment by the front-foot rule is not permissible in case of laying these pipe lines for the purpose of extending public water systems, but that a taxing district should have been formed. But the statute applicable makes express provision to the contrary. The method by the front-foot rule, as a general proposition, has been repeatedly approved in our decisions. It is not shown that it would operate either unequally or harshly in the present instance, and the great weight of authority bearing directly on the question is against the position. *Parsons v. District of Columbia,* 170 U. S., 45; *Hewes v. Glass,* 170 Ill., 437; *Hughes v. Mence,* 163 Ill., 535; *Phil. v. Union Burying Ground,* 178 Pa. St., 533; 1 Farnham on Water and Water Rights, 745; 4 McQuillan on Municipal Corporations, sec. 1796.

It is further argued that as the town is authorized to sell water to individuals, the water system has taken on the character of a private enterprise and the power of local assessment should no longer be allowed

to it. True, in *Woodie v. Wilkesboro,* 159 N. C., 353; *Fisher v. New Bern,* 140 N. C., 506, and other cases, we have held that when a municipality is engaged in supplying water to the individual citizen under a contract for profit or for pay it must be considered and dealt with as if it were a private owner, but, as shown in *Harrington v. Greenville,* 159 N. C., 632, this must be understood as referring to the ordinary burdens and liabilities incident to the private business relations; but in reference to its work for the public generally, such as procuring its water supply and extending it, providing water for fire protection and sanitation purposes, and the like, the municipality is to be regarded as a governmental agency and, as such, possessing and capable of exercising the powers and privileges conferred upon it by law.

Again, it is contended that section 6 of the act, making provision as to notice and for the collection of the assessment, does not refer to the laying of water pipes, but in its terms is restricted to the improvement of the streets, but a perusal of the statute, and more especially of the next preceding sections 4 and 5, will clearly disclose that the laying of the water pipes was regarded as a part of the street improvement so described in these sections, and the provisions of section 6, by correct interpretation, were clearly intended to include and apply to the laying of the water pipes as well.

On careful consideration, we find no error in the judgment below, and the same is

Affirmed.