CITY OF DURHAM v. MELISSA L. PROCTOR ET AL.

(Filed 27 January, 1926.)

**Municipal Corporations—Cities and Towns—Street Improvements—Assessments—Benefits and Advantages—Front Foot Rule—Discretionary Powers.**

Where on appeal to the Superior Court the jury has increased the amount fixed by the city authorities to be apportioned between the city and the property owners, in accordance with the benefits or advantages along a street improved, and the court has ordered a reapportionment on the second appeal, the objection that the city had adopted the "front foot rule" is untenable on the ground that the city commissioners have acted arbitrarily and have not exercised an independent judgment in making the reapportionment, in the absence of proof of *mala fides.*

BROGDEN, J., having been of counsel, took no part in the consideration or decision of this case.

APPEALS by plaintiff and defendants from *Calvert, J.,* at May Term, 1925, of DURHAM.

Special proceeding commenced before the clerk of the Superior Court of Durham County pursuant to the provisions of chapter 220, Public Laws 1923 (amended by chapter 107, Public Laws, Extra Session, 1924) to condemn land, rights, privileges and easements for the purpose of widening certain thoroughfares situate near the municipal building, and found necessary to the growth and development of the city of Durham.

An assessment district was duly established, and commissioners were appointed to appraise the value of the land to be taken for street purposes, and to fix the benefits, if any, accruing to all lots or parcels of

land lying within said district. It was determined by the city council that 75% of the estimated cost should be assessed against the city at large, and 25% against the lands benefited in the assessment district. The commissioners duly made their report as to damages sustained for the lands taken, and filed a separate report in writing, showing their estimate or appraisal of benefits accruing to the different lots in the district.

The city thereupon deposited the amount required to be paid by it with the clerk of the Superior Court in accordance with the provisions of the statute. Certain property owners appealed from the awards allowed by the commissioners as damages for the taking of their property, and the jury increased such awards from a total of $68,158.50 to a total of $82,087.50. Following this, an order of reassessment of the benefits was entered and the commissioners duly apportioned the excess of $13,929 allowed by the jury over that originally fixed by them between the city at large and the lands benefited in the district in the proportion of 75% to the city and 25% to the property benefited, reporting their action to the clerk as required by law.

Exceptions were filed to this report, and on the hearing, a jury trial being waived, the assessments were vacated on the ground that the commissioners "did not exercise an independent judgment in an appraisal of the value of the benefits accruing from the improvements on the separate lots so assessed," in that they adopted a so-called "frontage rule" in arriving at their conclusions, and his Honor remanded the proceeding to the clerk for the appointment of three commissioners to go upon the lots or lands located within said assessment district, as shown on the map of such district, and ascertain and determine, by a majority vote, the value of the benefits or advantages to such lots or lands accruing from the acquisition of the land for the widening and improvement of said streets, both such benefits or advantages as are special to such lots and those in common with other lots located in said district.

From this order and judgment both sides appeal, assigning errors.

*W. J. Brogden and S. C. Chambers for plaintiff.*
*McLendon & Hedrick, J. Elmer Long and Fuller & Fuller for defendants.*

PLAINTIFF'S APPEAL

STACY, C. J., after stating the case: The damages awarded for the lands condemned are not in dispute, but the city of Durham appeals from the judgment vacating the apportionment of the costs between the city at large and the properties benefited within the district, on the ground that, though alleged, no arbitrary action on the part of the commissioners

or others has been shown or found, and that, in the absence of such finding, the apportionment made by the commissioners and approved, as by the statute provided, is final. We think the city's position is well taken. The municipal authorities were fully empowered to establish the assessment district, and to assess the burdens in proportion to the benefits. This they did, taxing the city at large with 75% of the cost and the benefited properties in the district with the remaining 25%. Ample provision is made for a hearing, and such was accorded. There is nothing to justify the conclusion that the authorities acted arbitrarily or with *mala fides*. The fact that the commissioners adopted a so-called "frontage rule" in fixing the value of the benefits or advantages to the different lots within the assessment district, in our opinion, is not sufficient to upset the apportionment made, without an additional finding that the application of such a rule resulted in hardship or injustice to the property owners in the particular case. It is only such practical equality as is reasonably attainable under the circumstances, and not absolute mathematical accuracy, that is to be expected in a matter of this kind. Certainly the finding, as made, that the commissioners "did not exercise an independent judgment in an appraisal of the value of the benefits accruing from the improvements on the separate lots so assessed," is not a finding of arbitrariness, abuse of discretion, or *mala fides,* on the part of the commissioners.

The principles of law applicable to the instant proceeding, have been so thoroughly discussed, with full citation of authorities, in the comparatively recent cases of *Gunter v. Sanford,* 186 N. C., 456, *Felmet v. Canton,* 177 N. C., 54, *Butters v. Oakland,* 263 U. S., 164, and others that we deem it unnecessary to repeat here, more than in substance, what has been said in these recent decisions. On the record, as now presented, we think the plaintiff was entitled to have the assessments against the different lots approved. In entering a contrary judgment, there was error.

On plaintiff's appeal, error.

## DEFENDANTS' APPEAL

STACY, C. J. The only exception presented by the defendants' appeal is addressed to the refusal of the court to dismiss the action on the pleadings and the record. It follows from what we have said in regard to plaintiff's appeal that no error was committed in overruling defendants' motion to dismiss the proceeding.

On defendants' appeal, affirmed.

BROGDEN, J., having been of counsel, took no part in the consideration or decision of this case.