CITY OF RALEIGH, PETITIONER, v. SCOTT G. MERCER, RESPONDENT.

(Filed 24 July, 1967.)

**1. Pleadings § 12—**

A motion to dismiss a proceeding because the complaint does not state facts sufficient to constitute a cause of action is in effect a demurrer, presenting the question of the sufficiency of the pleading, admitting for the purpose the truth of the factual averments well stated, and all relevant inferences of fact reasonably deducible therefrom, but not conclusions of law.

**2. Municipal Corporations §§ 19, 20—**

Municipalities have been given authority to make public improvements and to levy assessments against abutting private property, G.S. 160-239, G.S. 160-241, and the municipal authorities have sole power to determine the necessity for the improvements and the authority to apportion the costs by any recognized and established rules, and the courts may interfere only when there has been palpable and gross abuse of discretion on the part of the municipal authorities.

**3. Same—**

Where a municipality has constructed a sewer outfall line across a portion of respondent's land and levied assessments against such land, the respondent may not attack the assessments on the ground that his property was already served by adequate sewer facilities, that it was not suitable for subdivision, and that therefore he would not be benefited by the construction of the sewer line, since the necessity for such improvement is solely for the determination of the municipal authorities and the respondent's grounds of objections do not amount to a charge of arbitrariness, abuse of discretion, or *mala fides* on the part of the authorities.

**4. Same—**

Where a respondent asserts that assessments against his land for public improvements is discriminatory and not uniform, just and equitable, respondent is entitled to offer evidence in respect thereto, and it is error for the court to sustain the municipality's motion that respondent's appeal from the assessments be dismissed on the ground that such averments do not entitle respondent to relief.

**5. Eminent Domain § 1—**

The exercise of the power of eminent domain is always subject to the limitation that there must be definite and adequate provision for reasonable compensation to the owner.

**6. Same; Municipal Corporations §§ 19, 20—**

Where a municipality condemns a portion of a tract of land for a sewer outfall line and later assesses the owner for the public improvement, and in the condemnation proceeding the court, upon the city's objection, excludes the owner's evidence that he would receive no benefit from the proposed sewer line but nevertheless would be charged with the assessment for the improvement, *held*, upon appeal from the assessment thereafter levied, the case must be remanded for the hearing of evidence in order to insure that respondent receives reasonable compensation for the taking of the easement for the sewer outfall line.

**7. Pleadings § 12—**

    If a demurrer is overruled, the admission for the purpose of the demurrer of the truth of the facts well pleaded ends forthwith.

APPEAL by respondent from *Cowper, J.,* September 1966 Assigned Non-Jury Session of WAKE.

This is a civil proceeding brought by the city of Raleigh, pursuant to the provisions of G.S. 160-239 *et seq.,* for the purpose of levying a special assessment against respondent and others for a sewer main outfall line.

This proceeding originated in the City Council of the city of Raleigh with the adoption of resolution No. (1965)-16 "to ascertain and compute the total cost of certain local improvements in the city of Raleigh and to make assessments against the lots or parcels of land benefiting therefrom." The resolution in Section 1 states: "That the sewer line in the Birnamwood Road from Dixie Trail west 2200 feet toward Ridge Road; Ridge Road Outfall from Dixie Trail to Ridge Road, as directed in Resolution No. 1964-660, has been completed." The amount of the assessment against the property of respondent, Scott G. Mercer, was $2,071.02.

On 6 October 1965 a notice was published stating that the assessment rolls had been completed against lots and parcels of land, among others as follows: "No. 528. Sewer line in Birnamwood Road from Dixie Trail west 2200 feet toward Ridge Road; Ridge Road Outfall from Dixie Trail to Ridge Road." This notice stated that on 18 October 1965 there would be a meeting of the City Council in the city of Raleigh to be held in the Council Chamber of the Municipal Building for the purpose of hearing objections of all persons interested who appear and make proof in relation thereto. At said hearing respondent appeared in person and with counsel and made both written and verbal objections to said Assessment Roll No. 528, insofar as the same related to his premises.

The City Council of Raleigh thereupon referred Sewer Assessment Roll No. 528 to the Public Works and Planning Committee of the city of Raleigh, where it came on for hearing on 25 October 1965, at which time respondent appeared and renewed his protest, objection, and exceptions theretofore made before the City Council. Action was deferred on this Assessment Roll No. 528 until the subsequent meeting of the said committee, at which time the said committee recommended to the City Council that said assessment roll be confirmed.

At its 26 July 1966 meeting, without further notice or hearing, the City Council of Raleigh confirmed Sewer Assessment Roll No. 528, and notice of said action was mailed to respondent by the city

of Raleigh dated 28 July 1966. Respondent, within the time prescribed by law excepted and served notice of appeal on said city of Raleigh on 3 August 1966, and thereafter, also within the time prescribed by law on 8 August 1966 completed "a statement of facts" on appeal to be served on said city, and the same was docketed in the Superior Court of Wake County, North Carolina. G.S. 160-244; G.S. 160-245.

This is a summary of respondent's statement of facts, upon which he bases his appeal (G.S. 160-245):

(1)   Respondent, Scott G. Mercer, owns a lot and residence at 1515 Dixie Trail in the city of Raleigh, which he purchased and uses as a home, and not for economic development; that said premises by the nature of the terrain are not suitable for subdivision; and that said residence has been served by adequate sewer facilities for many years, and a municipal city line is at present in the public street adjoining said premises.

(2)   On or about 24 November 1964 in Special Proceeding No. 9545 the city of Raleigh commenced a condemnation proceeding against him for the purpose of condemning a sewer main outfall line along the entire western and southern boundaries of his property in order to drain sewage from the entire neighborhood to the west of his land; that he filed appropriate answer to said proceeding denying, among other things, the public necessity for said line and alleging on information and belief that the said city would undertake thereafter to burden his property additionally by imposing upon it assessments for said sewer installation.

(3)   In due course the said proceeding came on for hearing before commissioners appointed by the court to determine just compensation to be paid to him for the sewer easement to be condemned; upon said hearing he undertook to offer evidence tending to show that he would be damaged in part by assessments which would be levied against him on account of the sewer line which was thereby sought to be condemned; upon the tender of such evidence in said proceeding, the city of Raleigh asserted and contended that his premises received no benefit whatever from the installation which was the subject matter of said proceeding, and contended therefore that evidence of any such assessments were inadmissible in the cause, thereby procuring the court to exclude evidence of the same from said proceeding.

(4)   Notwithstanding his allegations as aforesaid, the city of Raleigh on 6 October 1965 published a notice of a proposal to assess his property under Assessment Roll No. 528 and gave notice that a hearing would be held for objections and allegations thereto on 18

October 1965; that on 18 October 1965 he and his counsel appeared before the City Council and filed verbal and written objections and protests to the proposed assessment, alleging and contending that the proposed sewer installation did not in fact benefit his said premises; that the city of Raleigh had so asserted and was estopped to contend otherwise, and that said assessment should therefore not be approved. His written protest marked Exhibit "A" is attached to this statement and made a part thereof.

(5)  That the City Council referred said matter to its **Public Works Committee** which met on 25 October 1965; that he and his counsel appeared before said committee and reiterated his objections and protests theretofore set forth, including the assertion that his premises were not benefited by said sewer installation and could therefore not be constitutionally assessed, and further asserting and alleging that the city was estopped to contend otherwise.

(6)  Thereafter he received by mail on 30 July 1966 a letter from Ervie T. Glover, Revenue Collector, dated 28 July 1966, requesting payment of alleged Sewer Assessment Roll No. 528, for the sum of $2,071.02 for 688.63 lineal feet of sewer line. He received a letter on 1 August 1966 from the city clerk and treasurer advising that said Sewer Assessment Roll No. 528 was confirmed on 26 July 1966, and that thereafter he promptly filed notice of appeal to the Superior Court of Wake County, which was duly served upon said city within the time provided by law.

(7)  Special Sewer Assessment Roll No. 528 is illegal and unlawful and in violation of Article V, Section 3 of the State Constitution and in violation of the Federal Constitution for that: (a) His property is owned and used by him as a home place and not for economic development; that he is not engaged in the real estate business for profit, and his premises are not suitable and not desirable to be subdivided in any manner or used in any other fashion than as a residence; that said premises are already served by adequate sewer facilities, and a municipal sewer line is available; that the sewer line for which the sewer assessment is levied is for the purpose of draining raw untreated sewage from lands lying to the north and west of respondent's property and not for the purpose of serving his said properties in any manner, and that his properties are not to be benefited in any manner; (b) that the city of Raleigh in the proceeding it instituted for the purpose of condemning lands for said sewer line in Special Proceeding No. 9545 asserted and contended that his premises are not benefited by the sewer installation aforesaid, thereby inducing the court to exclude evidence of the assessments which he alleged would ensue; that in this proceeding

for Sewer Assessment No. 528 the city undertakes to assert and contend that the identical sewer installation across his premises does in fact benefit his property and said city of Raleigh should be barred and estopped from taking a diametrically opposite inconsistent position with respect to the same such matter thereby attempting to minimize the just compensation to be paid; (c) Special Sewer Assessment Roll No. 528 is violative of Article V, Section 3 of the State Constitution for that the same constitutes a special tax and assessment on respondent, is discriminatory against him as distinguished from all other property owners of the city of Raleigh, and is not uniform, just and equitable; (d) Special Sewer Assessment No. 528 is violative of Article V, Section 3 of the State Constitution for that as constructed and located the same is not for the public purpose of the citizens which can readily be served by deepening and improving existing sewer facilities lying to the west of his property, but rather by way of procuring improvements for the city of Raleigh by means of extracting funds by assessment of his land; (e) Special Sewer Assessment Roll No. 528 is violative of the Fourteenth Amendment to the Constitution of the United States for the same constitutes the taking of property without due process of law.

Wherefore, he prays that he is entitled to have Special Sewer Assessment No. 528 declared null and void and the city permanently restrained from declaring an assessment lien arising out of and in connection with Special Sewer Assessment Roll No. 528, and for the costs of this action.

On 11 August 1966 respondent filed a motion to require the city to make Assessment Roll No. 528 more definite and certain in these particulars: (1) Whether or not Assessment Roll No. 528 embraces in its entirety 688.63 feet for a total assessment of $2,071.02, and (2) whether or not his premises will be subjected to other and further assessments on account of the sewer main, manholes and other facilities installed upon his said premises, and upon the easement sought to be condemned in Special Proceeding No. 9545.

This proceeding came on for hearing at the September 1966 Assigned Non-Jury Civil Session of Wake, at which time the city moved to dismiss the appeal on the ground "that the allegations of the Statement of Facts on Appeal do not entitle the appellant to the relief sought." Judge Cowper presiding entered a judgment granting the city's motion, and ordered that the appeal by respondent be dismissed at his cost.

From this judgment, respondent appealed to the Supreme Court.

*Emanuel and Emanuel by Robert L. Emanuel for respondent appellant.*

*Paul F. Smith and Donald L. Smith for petitioner appellee.*

PARKER, C.J.   The city of Raleigh's motion to dismiss the proceeding because the complaint does not state facts sufficient to constitute a cause of action is in effect a demurrer, *Johnson v. Graye,* 251 N.C. 448, 111 S.E. 2d 595, and a demurrer presents squarely for decision the sufficiency of the pleadings, because the motion in this case for the purpose admits the truth of factual averments well stated in the statement of the case on appeal, and all relevant inferences as may be reasonably deduced therefrom. But it does not admit conclusions of law. 3 Strong's N. C. Index, Pleadings, § 12.

It appears that respondent has taken the proper statutory procedure to perfect his appeal to the Superior Court. G.S. 160-245. At least petitioner makes no contention to the contrary.

Respondent's appeal here, *inter alia,* is based upon his assertion that his property will not benefit from the proposed assessment, and also that there is no necessity for the sewer line.

The city of Raleigh was fully empowered to establish the assessment district and to assess the burdens in proportion to the benefits. G.S. 160-239; G.S. 160-241, Local Modification City of Raleigh, Chapter 1056, Session Laws 1965; *Durham v. Proctor,* 191 N.C. 119, 131 S.E. 276.

In *Raleigh v. Peace,* 110 N.C. 32, 14 S.E. 521, the Court held as correctly summarized in the third headnote in our Reports:

> "The power to levy such assessments is derived solely from the Legislature, acting either directly or through its local instrumentalities, and the courts will not interfere with the exercise of the discretion vested in the Legislature as to the necessity for or the manner of making such assessments, unless there is a want of power or the method adopted for the assessment of the benefits is so clearly inequitable as to offend some constitutional principle."

In *Tarboro v. Staton,* 156 N.C. 504, 72 S.E. 577, the recognized principle is stated as follows in the second headnote in our Reports:

> "While these assessments are upheld on the theory of special benefits conferred, and which bear some reasonable relation to the burdens imposed, authority to make them is referred to the sovereign power of taxation, which is primarily and as a rule exclusively a legislative power; and where the Legislature, or a municipal government, exercising legislative power expressly

conferred for the purpose, has provided for a local improvement of this character, its action is conclusive as to the necessity for the improvement; and in establishing general rules by any of the recognized methods imposing special assessments for its construction and maintenance and in applying these rules or methods to the property of an individual owner, the courts are permitted to interfere only in rare and extreme cases, in which it is clearly manifest that the principle of equality has been entirely ignored and gross injustice done."

In *Felmet v. Canton,* 177 N.C. 52, 97 S.E. 728, it is said:

"The right of municipalities to make these assessments for public local purposes, when acting under legislative authority properly conferred, has been very broadly upheld in this State, extending to any of the recognized methods of procedure and apportionment and including both the front-foot rule as well as the creation of local assessment districts. Being, as it is, referred to the power of taxation, it is very largely a matter of legislative discretion, usually held to be conclusive as to the necessity for the improvement, and in respect to the method of apportionment as well as the amount it only becomes a judicial question in cases of palpable and gross abuse."

Ample provision was made for a hearing by respondent if he desired to protest, and such was accorded. Respondent does not contend that the assessment against him for the construction of a sewer main outfall line was excessive or unreasonable. The fact that respondent owns a lot and residence which he uses as a home and not for economical development, and that said premises by the nature of the terrain are not suitable for subdivision, and that said residence has been served by adequate sewer facilities for many years and a municipal sewer line is at present in the public street adjoining said premises, and the further fact as alleged by him that the construction of the sewer main outfall line is not for the public purpose of the citizens which can readily be served by deepening and improving existing sewer facilities lying west of his property in the city of Raleigh by means of extracting funds by assessment of lands of respondent, and that the sewer line for which the sewer assessment is levied is for the purpose of draining raw untreated sewage from lands lying to the north and west of respondent's property and not for the purpose of serving his said properties in any manner, and that his properties are not to be benefited in any manner, are not allegations of arbitrariness, abuse of discretion, or *mala fides* on the part of the City Council, and are not grounds for holding the assessment against him null and void.

The statement of the case on appeal alleges in substance the Special Sewer Assessment Roll No. 528 is violative of Article V, Section 3 of the State Constitution, "for that the same constitutes a special tax and assessment on respondent, is discriminatory against him [Mercer] as distinguished from all other property owners of the city of Raleigh, and is not uniform, just and equitable." In our opinion, and we so hold, respondent is entitled to offer evidence in respect thereto, if he can, for a determination as to whether or not the assessment against him was so inequitable and so unjust and so discriminatory as to offend the provisions of Article V, Section 3 of the State Constitution. It is only practical equality as is reasonably attainable under the circumstances, and not absolute mathematical accuracy that is to be expected in a matter of this kind. On the record, as now presented, we think the city of Raleigh was entitled to have the assessment against respondent's property approved unless it is prohibited by Article V, Section 3 of the State Constitution.

In the statement of the case on appeal he alleges in substance that Special Sewer Assessment Roll No. 528 is violative of the Fourteenth Amendment to the United States Constitution for the same constitutes the taking of property without due process of law. In the statement of the case on appeal it appears that the city of Raleigh on 24 November 1964 in Special Proceeding No. 9545 commenced a condemnation proceeding against respondent for the purpose of condemning a sanitary sewer main outfall line along the entire western and southern boundaries of said properties in order thereby to drain sewage from the entire neighborhood to the west of said Mercer's lands. Mercer filed appropriate answer to said proceeding, denying among other things the public necessity for said lines, and alleging on information and belief that the city would undertake thereafter to burden said property additionally, by imposing upon it assessments for said sewer installation and construction. According to the record before us, there is nothing to indicate that that suit has been terminated. It is elementary learning that the requirement that just compensation be paid is guaranteed both by the Federal Constitution (Fourteenth Amendment) and the State Constitution (Article I, Section 17), and the exercise of the power is always subject to the principle that there must be definite and adequate provisions made for reasonable compensation to the owner. 2 Strong's N. C. Index, Eminent Domain, § 1.

This is said in 27 Am. Jur. 2d, Eminent Domain, § 372:

"The question whether benefits accruing to property which has been damaged, or to property remaining after part thereof

has been taken, for the construction of a public improvement, may be set off against the compensation for the damage or for the part taken, in a situation in which the property remaining or damaged is subject to a special assessment, may arise in a great variety of situations, since the assessment of such benefits may take place either in the condemnation proceeding or in a separate proceeding, and, in the former case, benefits and damages may be assessed either separately, or the balance may be struck and assessed, while in the latter case, the condemnation proceeding may precede the assessment proceeding, or vice versa. But there is one safe standard which applies irrespective of the situation in which the question arises — that is, benefits cannot be deducted if, in a particular situation, to allow such deduction would in effect compel the condemnee to pay twice for the same benefit."

We cannot determine from the record as to whether this condemnation suit instituted by the city has been terminated. In this state of the record, we think the safe thing to do is to reverse the judgment dismissing the case and to send the special proceeding back for a hearing of evidence in order to insure that respondent receives reasonable compensation for his land taken for the construction of the sewer main outfall line.

Respondent contends in his brief the city of Raleigh is "estopped from contending that the premises of respondent are benefited from the installation of sewer facilities which are the predicate of Sewer Assessment Roll No. 528." We think it is not wise and not safe for us to determine this point, for the simple reason we are dealing with a statement of case on appeal as set forth, pursuant to G.S. 160-245, which has not been replied to by the city.

As has been said above, plaintiff's motion to dismiss is in effect a demurrer. The rule is well established with us that upon a demurrer a pleading will be liberally construed with the view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor, G.S. 1-151, and a demurrer will not be sustained unless the pleading is wholly insufficient or fatally defective. 3 Strong's N. C. Index, Pleadings, § 12. If a demurrer is overruled, the admission of the facts properly pleaded ends forthwith. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384.

The judgment below dismissing the case is

Reversed.