IN THE MATTER OF THE SPECIAL ASSESSMENT OF $32,218.23 AGAINST PROPERTY ON STADIUM DRIVE (PLAT BOOK 16-114) OWNED BY BILL R. DUNN

No. 8414SC480

(Filed 5 March 1985)

**Municipal Corporations § 25— assessment for street improvements—appeal to superior court—scope of review**

There is no right to a trial de novo or a jury trial in an appeal to superior court from a city council's assessment for street improvements. Original jurisdiction to determine questions of fact involved in assessment proceedings is derived from the General Assembly and vested in the city council; the right of appeal to the courts is created and governed by statute and the superior court may not determine de novo questions which are within the original jurisdiction of the city council. G.S. 160A-230; G.S. 160A-218; G.S. 160A-226; North Carolina Constitution Art. II, § 23.

APPEAL by plaintiff from *Barnette, Judge*. Judgment entered 16 December 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 January 1985.

This is a civil action in which plaintiff Bill R. Dunn seeks review of a special assessment levied on his property by the city council of defendant City of Durham.

Dunn owns property abutting Stadium Drive in the City of Durham. In April of 1980, the Durham City Council adopted a preliminary resolution providing for certain improvements along Stadium Drive, including installation of water lines, grading, curbing, guttering and paving. The preliminary resolution also indicated that the costs of these improvements were to be paid by assessments to affected properties, which included Dunn's property. After a public hearing on the proposed improvements and assessment, the proposed improvements were approved.

Pursuant to procedures prescribed by Article 10 of Chapter 160A of the General Statutes and Section 77 of the Durham City Charter (City Code), Dunn was assessed $32,218.23 for the improvements. Dunn was present at the hearings held before the city council for determining the specific amount of the assessments. He argued before the council that his property did not abut Stadium Drive and did not benefit from the improvements and that no assessment should be made with respect to his property. Nevertheless the council voted on 4 January 1983 to confirm the assessment. This action was reaffirmed on 17 January 1983.

By letter to the Durham City Clerk, dated 11 January 1983, Dunn gave notice of appeal to superior court from the council's action. In that letter, Dunn sought a reconsideration of the assessment on the grounds that (1) the street improvements did not abut his property; (2) the improvements did not benefit his property; and (3) the improvements were made solely to allow for development of an apartment complex on the other side of Stadium Drive from his land. Dunn also requested a trial by jury and asked that costs of the action be paid by the City.

A copy of this letter was mailed to the Clerk of Durham County Superior Court who filed it as a complaint and assigned it a civil case docket number. The City filed an answer pleading compliance with the applicable statutes and city code sections and asserting that the decision of the council was supported by adequate findings of fact made after careful deliberation.

After a hearing on 28 November 1983, the court entered an order indicating the issues that it would consider. These issues essentially involved whether the City had complied with applicable statutes and ordinances, whether it had abused its discretion and whether it had afforded Dunn due process. The court

also set out the procedure to be followed when the matter was heard, directed the City to compile a record, and denied Dunn's request for a jury trial.

The matter was heard before the judge on 15 and 16 December 1983. During the hearing and despite numerous admonitions from the court, Dunn, appearing *pro se*, continually attempted to present evidence and testimony and discuss matters outside the issues noted in the court's earlier order. Essentially, Dunn was attempting to present the matter as if in a *de novo* trial though the court was sitting in its appellate capacity.

The court found that the City had complied with the applicable procedures in assessing Dunn's property, that the council did not abuse its discretion, and that Dunn received due process. From a judgment confirming the assessment, Dunn appealed.

*DeBank, McDaniel, Heidgard, Holbrook and Anderson, by L. Bruce McDaniel, for plaintiff-appellant.*

*Deputy Attorney Brenda M. Foreman for defendant-appellee City of Durham.*

EAGLES, Judge.

On appeal, Dunn does not contend that the City failed to follow proper procedure in making the assessment. Rather, raising what appears to be an issue of first impression, he contends that he was entitled to a *de novo* trial before a jury on his appeal from the city council to the superior court and that the court erred in denying his request. We disagree.

G.S. 160A-230 provides as follows:

> If the owner of, or any person interested in, any lot or parcel of land against which an assessment is made is dissatisfied with the amount of the assessment, he may, within 10 days after the confirmation of the assessment roll, file a notice of appeal to the appropriate division of the General Court of Justice. He shall then have 20 days after the confirmation of the assessment roll to serve on the council or the city clerk a statement of facts upon which the appeal is based. *The appeal shall be tried like other actions at law.*

[Emphasis added.] Section 77(18) of the Durham City Code provides for appeal in a nearly identical manner but specifies that "[t]he appeal shall be tried in the Superior Court of Durham County as other actions at law." Dunn argues that the emphasized language entitles him to a *de novo* trial, "since" as he asserts without authority, "any other action at law in Superior Court would entitle [him] to such a new trial, *de novo.*"

Our research has disclosed no case specifically interpreting the language on which Dunn relies. *Atlantic Coast Line R.R. v. Ahoskie*, 192 N.C. 258, 134 S.E. 653 (1936), cited by Dunn, does not, in our view, support his contention. In that case, our Supreme Court held that an aggrieved property owner's due process rights were protected by his right to appeal an assessment confirmation to superior court. We note that the right to appeal from assessment proceedings in that case was conferred by a 1915 statute whose wording is not significantly different from G.S. 160A-230, the present statute. *See* Cons. Stat. Section 2714 (c. 56, s. 9, 1915). Other cases decided under former versions of the statute are to the same effect. *See, e.g. Asheboro v. Miller*, 220 N.C. 298, 17 S.E. 2d 105 (1941); *Leak v. Wadesboro*, 186 N.C. 683, 121 S.E. 12 (1923); *Gunter v. Sanford*, 186 N.C. 452, 120 S.E. 41 (1923).

These cases and the statute itself speak of an *appeal* to the courts but say nothing of a trial *de novo*. Unless specifically stated otherwise, appeals to the district or superior court from administrative decision-making bodies invoke the appellate jurisdiction of those courts and not their original jurisdiction. *See, e.g.*, G.S. 96-15(h) (Cum. Supp. 1983) (appeal from decisions of the Employment Security Commission); G.S. 150A-46 through 150A-51 (appeal from decisions of agencies governed by Administrative Procedure Act); G.S. 153A-345(e) (appeal from decisions of county boards of adjustment); G.S. 160A-38, 160A-50 (appeal from municipal annexation proceedings); G.S. 160A-388 (appeal from municipal zoning boards of adjustment). *Compare* G.S. 7A-250(c) (appeals from county game commissions heard *de novo* in district court); G.S. 7A-271 (appeals from criminal actions in district court heard *de novo* in superior court).

Under the North Carolina Constitution, the power to tax is vested in the General Assembly. N.C. Const. Art. II, Sec. 23. This

In re Assessment of Dunn

power includes the power to provide for the improvement of municipal streets and to assess abutting property benefitted by improvements for the cost. *Gunter v. Sanford, supra.* Pursuant to G.S. 160A-216, this power is delegated to municipalities. *See also* G.S. 153A-185 (delegating same power to counties). Article 10 of G.S. Chapter 160A outlines the procedure to be followed by municipalities in levying special assessments. It specifically provides that the decisions of the city council as to the method of assessment and the total cost of an improvement are final and conclusive and not subject to further review or challenge. G.S. 160A-218, 160A-226. This includes decisions as to whether and how much a property is benefitted by the improvements. G.S. 160A-218(3).

Original jurisdiction to determine questions of fact involved in assessment proceedings is derived from the General Assembly and vested in the city council. Since a property owner's right of appeal from the city council to the courts is created and governed by statute, G.S. 160A-230, the jurisdiction acquired is derivative. *Atlantic Coastline R.R. v. Ahoskie,* 207 N.C. 154, 176 S.E. 264 (1934). On appeal to the courts, the owner of assessed property has no right to be heard there on the question of whether the lands are benefitted or not, *Gunter v. Sanford, supra,* but only on the validity of the assessment, its proper apportionment and other questions of law. *Id.; Raleigh v. Mercer,* 271 N.C. 114, 155 S.E. 2d 551 (1967) (decided under former statute 160-245). It is clear then, that the superior court may not determine *de novo* the questions which are within the original jurisdiction of the city council. The questions that Dunn attempted to argue on his appeal to superior court are clearly questions of fact with respect to which the city council's determination was final and conclusive. He was not entitled to a trial *de novo* and, therefore, not entitled to a jury trial. The superior court properly denied his request. This assignment of error is without merit.

Though it is not necessary to the resolution of this appeal, we note that the language of G.S. 160A-230 upon which Dunn relies, providing that appeals "shall be tried as other actions at law," serves merely to distinguish those actions from special proceedings for purposes of determining the applicable procedural rules. *See* G.S. 1-1 through G.S. 1-5.

Because all of Dunn's remaining arguments and assignments of error depend on our finding merit in his first contention, we need not consider them. Dunn did except to and assign as error entry of the superior court's judgment confirming the decision of the Durham City Council. That exception presents the general question of whether the court's conclusions of law are supported by its findings of fact. *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E. 2d 102 (1975). Dunn makes no argument relating to that question except in the context of facts he contends the court should have found from evidence he would have presented had he received a *de novo* trial. Nevertheless we have reviewed the record and conclude that the judgment of the superior court is supported by its findings. Accordingly, judgment is

Affirmed.

Judges WEBB and COZORT concur.