GEORGE PRESTON FRIES; ROBERT M. WILLIAMS; MILTON H. PRID-GEN; JAMES M. CROWELL, JR.; MARVIN RONE, JR.; HERMAN L. EAGLE; DOY E. BAXTER; R. BERT STARNES, INDIVIDUALLY, AND FOR AND ON BEHALF OF THE SAVE OUR SCHOOLS COMMITTEE AND ALL OTHER PERSONS WHO MAY WISH TO JOIN v. THE ROWAN COUNTY BOARD OF EDUCATION, A CORPORATION; LANE C. DRYE; H. LAMAR TREXLER; JAMES A. SLOAN; E. LINWOOD FOIL; W. C. ROGERS; AND JESSE C. CARSON, JR., INDIVIDUALLY

No. 7019SC29

(Filed 25 February 1970)

**Schools § 10— pupil assignment — challenge by citizen's group — statutory procedure**

A citizen's group challenging the pupil assignment plan adopted by a county board of education must appeal the plan to the superior court within 10 days from the date of its adoption by the board, G.S. 115-179, and the failure of the group to follow this procedure subjects its action to dismissal.

APPEAL by plaintiffs from an order of *McConnell, J.,* entered 6 August 1969 in CABARRUS County Superior Court sustaining a demurrer and dismissing the action which was pending in the Superior Court of Rowan County.

This action was instituted 18 July 1969 by plaintiffs as residents, citizens and taxpayers of the North Rowan School District and who allege that they "have been authorized to appear as plaintiffs herein on behalf of the recently organized Save Our Schools Committee of Rowan County."

The complaint filed by the plaintiffs alleges in substance, except where quoted, the following:

The individual defendants constitute the Rowan County Board of Education and the County Superintendent of Public Instruction; that for several months the Board has considered a new plan of as-

signment and enrollment of pupils in a zoned area of the county designated as "North Rowan"; that five separate plans have been under consideration; that North Rowan is divided by the Southern Railroad tracks with some sixty percent (60%) of the population residing on the west side of the tracks and forty percent (40%) on the east side; that heretofore school facilities have been constructed and maintained on each side of the tracks without the necessity of students on one side of the tracks going to the other side of the tracks and vice versa; that under the new Plan No. 5, the schools have been arranged so that certain grades are on one side of the tracks and other grades on the other side of the tracks with the result that "increased bussing" is required which necessitates cross-bussing and "that Plan No. 5 as presently adopted by the defendants prohibits any student from seeking a transfer to another school within his own district for that only one class of its kind is available"; that before the adoption of the plan the plaintiffs met with the defendants and "vehemently argued against the adoption of such plan presenting in detail many of the obvious difficulties attendant on such a plan pointing out the defects therein and the advantages for one of the other plans then under consideration by the Board"; "[t]hat approximately thirty (30) days ago the school board rendered its final decision . . . and formally notified all concerned that Plan No. 5 was then and there adopted"; that there were at least three other plans, any one of which would have been acceptable by the plaintiffs and compatible with the national scheme of integration; that the adoption of Plan No. 5 under the authority of N.C. G.S. 115-176 makes assignments without regard to the orderly and efficient administration of the public schools, fails to provide for the effective instruction, creates unnecessary additional hazards to the health and safety of the pupils so assigned and is detrimental to the general welfare of all pupils in the district in violation of the said N.C. G.S. 115-176, and compels students to attend schools under a plan designed to create a balance or ratio of race and compels them to accept involuntary bussing for which public funds must be used to pay the cost, in violation of N.C. G.S. 115-176.1.

The plaintiffs then seek to have the action of the school board declared invalid, the defendants perpetually enjoined and restrained from putting the plan into effect, the defendants directed to adopt another available plan and a temporary injunction or restraining order issued.

Under date of 18 July 1969 Judge Lupton, who was holding the courts of the Nineteenth Judicial District, entered an order to show

cause why the injunction should not be granted and made it returnable before Judge McConnell in Cabarrus County on 4 August 1969.

The defendants appeared and demurred ore tenus to the complaint. Judge McConnell reserved his ruling on the demurrer until the end of the hearing on the show cause motion. At the completion of the hearing the following order was entered:

"This cause coming on to be heard and being heard on August 4, 1969, before the undersigned Judge of the Superior Court assigned to hold a Special Civil Session of the Superior Court for Cabarrus County in accordance with an Order of Judge Harvey A. Lupton, dated the 18 day of July, 1969, for the defendants to show cause why they should not be restrained from placing into effect and implementing a plan for the operation of schools and assignment of pupils in the North Rowan School District of Rowan County for the year 1969-70 (being known as Plan 5), as adopted by the Rowan County Board of Education on March 20, 1969. The defendants appeared before the undersigned as ordered and were represented by Attorneys James G. Hudson, Jr. and Nelson Woodson, of the Rowan County Bar. The plaintiffs appeared and were represented by George Burke, of the Rowan County Bar.

That at the opening of the hearing to show cause and before the filing of Answer and before any evidence or affidavits were presented, the defendants through their attorneys demurred ore tenus to the complaint on the ground that it failed to state a cause of action. That the undersigned reserved the right to rule on the Demurrer and proceeded with the hearing at which the defendants offered testimony and affidavits and the plaintiffs offered affidavits, and the court heard arguments of the attorneys both for the plaintiffs and the defendants.

It appearing to the court that neither the complaint nor the affidavits of the plaintiffs allege or tend to show that the defendant Rowan County Board of Education acted arbitrarily or abused its discretion or acted in other than good faith in adopting on March 20, 1969, a plan (known as Plan 5) for the operation of and the assignment of pupils in the North Rowan School District of Rowan County for the year 1969-70, and that the Board acted within the scope of the authority conferred upon them as duly elected members of the Rowan County Board of Education.

It further appearing to the court that although the plaintiffs objected to the plan as adopted, as they had a right to do, that

none of the plaintiffs' rights as provided for under the Constitution of the State of North Carolina or the Constitution of the United States have been violated. It further appearing that the plan was adopted by the Rowan County Board of Education on March 20, 1969, and after public meetings, the Board, on June 10, 1969, ordered that the plan be implemented and placed into effect for the opening of school August 27, 1969, for the school year 1969-70. It further appears that G.S. 115-176.1, referred to in the complaint, was not enacted into law by the General Assembly of North Carolina until July 2, 1969.

And the court having determined that the demurrer should be sustained,

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Demurrer be sustained and that the action be dismissed.

This the 6 day of August, 1969.

s/ John D. McConnell
Judge Presiding"

Plaintiffs appealed to this Court assigning as error the dismissal of the action by the trial judge.

*George L. Burke, Jr., for plaintiff appellants.*

*Woodson, Hudson & Busby by J. G. Hudson, Jr., Nelson Woodson and Donald D. Sayers for defendant appellees.*

CAMPBELL, J.

In the instant case, a citizen's group seeks to challenge the action of the Rowan County School Board assigning pupils to the various schools of the North Rowan School District of Rowan County. General Statutes 115-176 to 115-179 establish a method of assignment of pupil school students and a method of challenge of that assignment. A "person aggrieved" by an order of a school board is given the right to appeal from an order of the board, within 10 days of the date of the order, to the Superior Court for a hearing *de novo*. G.S. 115-179.

There does not appear in the record any reason why this procedure was not followed in this case. When such an "integrated and adequate" procedure is established by the Legislature, it is meant to be followed. See *King v. Baldwin*, 276 N.C. 316, 172 S.E. 2d 12 (1970).

Prior to the institution of this action, no appeal having been taken from the final order of the School Board as provided by G.S. 115-179, the School Board proceeded with the changes necessary to implement its final order. This plan has now been in effect since the opening of school 27 August 1969, and most of the present school year has passed. To permit this type of action contrary to the procedure established by the Legislature would result in complete chaos and confusion for the school system. Compare with *In Re Varner,* 266 N.C. 409, 146 S.E. 2d 401 (1965).

The present action shows on its face that the plaintiffs have not complied with the procedure established by the Legislature for an action by "any person aggrieved by the final order of the [board]."

The action was properly dismissed.

Affirmed.

PARKER and HEDRICK, JJ., concur.