IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-117

No. 102A20-2

Filed 4 November 2022

CHESTER TAYLOR III, RONDA and BRIAN WARLICK, LORI MENDEZ, LORI MARTINEZ, CRYSTAL PRICE, JEANETTE and ANDREW ALESHIRE, MARQUITA PERRY, WHITNEY WHITESIDE, KIMBERLY STEPHAN, KEITH PEACOCK, ZELMON MCBRIDE

v.

BANK OF AMERICA, N.A.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, No. COA20-160-2, 2021 WL 4535323 (N.C. Ct. App. Oct. 5, 2021), reversing an order entered on 3 October 2019 by Judge Lisa C. Bell in Superior Court, Mecklenburg County, and remanding for the trial court to make findings of facts and conclusions of law. Heard in the Supreme Court on 19 September 2022.

*Robinson Elliott & Smith, by William C. Robinson and Dorothy M. Gooding; Robert F. Orr; and Aylstock, Witkin, Kreis & Overholtz, PLLC, by Samantha Katen and Caitlyn Miller, for plaintiff-appellees.*

*McGuireWoods LLP, by Bradley R. Kutrow; and James W. McGarry and Keith Levenberg for defendant-appellant.*

BARRINGER, Justice.

¶ 1    In this case, we must decide whether the Court of Appeals erred by remanding the case to the trial court for findings of fact and conclusions of law on defendant's

motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. As addressed in more detail herein, we conclude that the Court of Appeals erred because an order granting a Rule 12(b)(6) motion to dismiss is reviewed de novo and neither party requested findings of fact and conclusions of law.

## I.    Background

On 1 May 2018, plaintiffs commenced this action against Bank of America, N.A. (Bank of America), alleging fraud and other related claims arising out of Bank of America's Home Affordable Modification Program. Bank of America moved to dismiss the amended complaint for failure to state a claim pursuant to North Carolina Rule of Civil Procedure 12(b)(6). The trial court granted Bank of America's motion to dismiss pursuant to Rule 12(b)(6), concluding that plaintiffs' claims were "barred by the applicable statute[ ] of limitation[s]" and that "the claims of all [p]laintiffs who were parties to foreclosure proceedings [were] barred by the doctrines of *res judicata* and collateral estoppel." Plaintiffs appealed.

In its decision, a divided panel of the Court of Appeals acknowledged that appellate courts review orders granting a motion to dismiss pursuant to Rule 12(b)(6) de novo. *Taylor v. Bank of Am., N.A.*, No. COA20-160-2, 2021 WL 4535323, *2 (N.C. Ct. App. Oct. 5, 2021). Then, after observing that the trial court did not make findings of fact, the Court of Appeals concluded that it could not "determine the reason behind

the grant" and could not "conduct a meaningful review of the trial court's conclusions of law." *Taylor*, 2021 WL 4535323, at *3. Based on these conclusions, the Court of Appeals reversed the trial court's order and remanded the case. *Id.* On remand, the Court of Appeals directed the trial court to make factual findings and conclusions of law. *Id.*

The dissent concluded that the trial court correctly dismissed plaintiffs' claims as time barred under the applicable statute of limitations. *Taylor*, 2021 WL 4535323, at *3–4 (Dillon, J., dissenting). Bank of America filed a notice of appeal based on the dissent pursuant to N.C.G.S. § 7A-30(2).

## II.    Analysis

On appeal to this Court, Bank of America argues that the Court of Appeals "erred by professing that it could not resolve this issue of law on the record" and concluding that it "needed 'findings of fact' " from the trial court to conduct a de novo review of a Rule 12(b)(6) ruling. Bank of America claims that there is no need for a trial court to articulate its reasoning in an order on a Rule 12(b)(6) motion to dismiss because appellate courts analyze de novo whether a complaint's allegations state a claim upon which relief can be granted. Additionally, Bank of America contends that factual findings and conclusions of law are improper in the context before this Court. Bank of America raises that North Carolina Rule of Civil Procedure 52(a)(2) provides that "[f]indings of fact and conclusions of law are necessary on decisions of any motion

or order . . . *only when* requested by a party and as provided by Rule 41(b)." N.C.G.S. § 1A-1, Rule 52(a)(2) (2021) (emphasis added). Bank of America asserts, and plaintiffs concede, that plaintiffs did not request findings of fact and conclusions of law.

¶ 6    Given that plaintiffs appealed to the Court of Appeals an order granting a Rule 12(b)(6) motion to dismiss and the record does not reflect that any party requested findings of fact and conclusions of law, we agree that the Court of Appeals erred. The standard of review for an order granting a Rule 12(b)(6) motion to dismiss is well established. Appellate courts review de novo an order granting a Rule 12(b)(6) motion to dismiss. *E.g., Bridges v. Parrish*, 366 N.C. 539, 541 (2013).

¶ 7    "The word de novo means fresh or anew; for a second time . . . ." *In re Hayes*, 261 N.C. 616, 622 (1964) (cleaned up); *see also De Novo*, *Black's Law Dictionary* (11th ed. 2019) (defining "de novo" as "[a]new"). The appellate court, just like the trial court below, considers "whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Bridges*, 366 N.C. at 541 (quoting *Coley v. State*, 360 N.C. 493, 494 (2006)). In other words, under de novo review, the appellate court as the reviewing court considers the Rule 12(b)(6) motion to dismiss anew: It freely substitutes its own assessment of whether the allegations of the complaint are sufficient to state a claim for the trial court's assessment. *See id.*; *Lanvale Props., LLC v. Cnty. of Cabarrus*, 366 N.C. 142, 149 (2012); *Morris Commc'ns Corp. v. City of Bessemer City Zoning Bd. of Adjustment*,

365 N.C. 152, 156 (2011). Thus, the review of an order granting a Rule 12(b)(6) motion to dismiss does not involve an assessment or review of the trial court's reasoning. Rather, the appellate court affirms or reverses the disposition of the trial court—the granting of the Rule 12(b)(6) motion to dismiss—based on the appellate court's review of whether the allegations of the complaint are sufficient to state a claim.

¶ 8 Assuming, without in any way deciding, that there could ever be a need for the making of findings and conclusions in an order granting or denying a motion to dismiss lodged pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, neither plaintiffs nor Bank of America requested factual findings or conclusions of law in the trial court's order. Pursuant to Rule 52(a)(2) of the North Carolina Rules of Civil Procedure, a trial court is not required to make factual findings and conclusions of law to support its order unless requested by a party. N.C.G.S. § 1A-1, Rule 52(a)(2); *see also Toshiba Glob. Com. Sols., Inc. v. Smart & Final Stores LLC*, 381 N.C. 692, 2022-NCSC-81, ¶ 5. Therefore, the trial court was not required to include any factual findings or conclusions of law in its order granting Bank of America's Rule 12(b)(6) motion to dismiss. As a result, there is no legal basis or practical reason for the Court of Appeals to remand the case to the trial court to make factual findings and conclusions of law.

¶ 9 We conclude that the Court of Appeals erred by not conducting a de novo review of the sufficiency of the allegations in plaintiffs' complaint as required by the well-

established standard of review. Therefore, we vacate the Court of Appeals' decision and remand this case to the Court of Appeals to fulfill its obligation to follow this Court's precedent and to address "whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Bridges*, 366 N.C. at 541 (quoting *Coley*, 360 N.C. at 494). Given the foregoing, we do not reach Bank of America's remaining arguments concerning the insufficiency of the allegations to state a claim.

### III.  Conclusion

The Court of Appeals erred by remanding the case to the trial court with instructions to make factual findings and conclusions of law. Thus, we vacate the Court of Appeals' decision and remand this case to the Court of Appeals to review this matter in a manner not inconsistent with this opinion.

VACATED AND REMANDED.

Justice BERGER did not participate in the consideration or decision of this case.